BUFORD et al. v. SEWERAGE AND WATER BOARD OF NEW ORLEANS.
No. 16161.

Court of Appeal of Louisiana. Orleans.
June 14, 1937.

Gus A. Llambias, of New Orleans, for appellant.

Monroe & Lemann and Walter J. Suthon, Jr., all of New Orleans, for appellee Globe Indemnity Co.

Raymond Gauche, of New Orleans, for appellee Thomas H. Brockman.

McCALEB, Judge.

On January 6, 1931, the Sewerage and Water Board of New Orleans entered into a written contract with Thomas H. Brockman, whereby the latter was employed to undertake the laying of certain sewage mains. This contract was bonded by the Globe Indemnity Company.

Claude Buford was employed by Brockman as a laborer in the performance of work under the contract. On September 15, 1931, while assisting in the work, which was being done near the intersection of Broad and St. Louis streets, he was electrocuted as a result of contact between a cable of a large metallic hammer operated from a crane, belonging to and used by Brockman, and an uninsulated wire of the Sewerage and Water Board carrying a heavy electric current. Buford touched this hammer in the performance of his duties at a time when it was in contact with the uninsulated wire, and in this manner he received a fatal electric shock.

Buford's parents did not pursue whatever remedy they might have had against Brockman for Workmen's Compensation under Act No. 20 of 1914, as amended. But, instead of demanding compensation, they instituted this suit for damages ex delicto against the Sewerage and Water Board claiming that the fatal accident was caused solely and entirely through its neglect.

In due course, the Sewerage and Water Board, as sole defendant to plaintiffs' action, appeared and answered the petition. At the same time, it called Brockman in warranty on the theory that the accident was due to his negligence and carelessness and, further, that under the contract dated January 6, 1931, Brockman had agreed to fully secure and protect it from all suits or actions of any kind or description brought against it for or on account of any injuries or damages received or sustained by any party or parties by or from him, his servants or agents, in the construction of the work.

Brockman appeared and excepted to the call on the ground that it disclosed no right or cause of action. This exception was overruled. Brockman, thereupon, called the Globe Indemnity Company in warranty asserting that it had issued to him a standard workmen's compensation and employers' liability policy covering injury to or death of any of his employees occurring while in the performance of their duties.

The Globe Indemnity Company in due course appeared and excepted to Brockman's call in warranty on the ground that the allegations of the call did not set forth a right or cause of action against it. This exception was maintained by the district judge.

Later, the Sewerage and Water Board called the Globe Indemnity Company in warranty alleging that, under the contract dated January 6, 1931, the Globe Indemnity Company had agreed as surety for Brockman to indemnify the Sewerage and Water Board and hold it harmless from all suits or actions of any kind or description brought against it on account of any injuries received or sustained by any party or parties by or from Brockman, his servants or agents, in the construction of the work to be done under the contract.

To this call in warranty the Globe Indemnity Company filed an exception of no right or cause of action on the theory that the contract only provided for indemnity to the Sewerage and Water Board, with respect to the negligence of Brockman in the performance of the contract, and did not secure or protect it against liability resulting from its own fault or want of care.

After trial on the exception, the district judge sustained it and dismissed the Globe Indemnity Company from the proceeding.

Shortly after the judge had dismissed the Sewerage and Water Board's call in warranty against the Globe Indemnity

Company, Brockman renewed his exception of no right or cause of action to the call in warranty of the Sewerage and Water Board against him. The court, on reconsideration of this exception, maintained it and dismissed Brockman from the case.

Thereafter, the plaintiffs' suit against the Sewerage and Water Board was tried on its merits and resulted in a judgment in plaintiffs' favor in the sum of $4,000.

The Sewerage and Water Board appealed suspensively to this court from the adverse judgment in favor of plaintiffs and also perfected devolutive appeals from the judgments of dismissal of its calls in warranty against Brockman and the Globe Indemnity Company. Brockman has likewise appealed devolutively from the judgment dismissing his call in warranty against the Globe Indemnity Company.

Counsel for the defendant Sewerage and Water Board has informed us, in oral argument and brief, that the correctness of the judgment below in favor of the plaintiffs is no longer in contest, and that its liability thereunder has been disposed of by compromise agreement. He states, however, that the Sewerage and Water Board is still aggrieved by the action of the district court in maintaining the exceptions of Brockman and the Globe Indemnity Company to its calls in warranty, and he persists that the learned judge fell into error in dismissing the calls, for the reason that the contract between the parties plainly exhibits that the warrantors agreed to become liable for any and all negligence of either Brockman or the Sewerage and Water Board, in the performance of the contract, which resulted in injury or death to third persons.

Counsel for the Globe Indemnity Company and Brockman concede that the only question before us is whether the district judge was correct in maintaining their exceptions. They assert that the contract between Brockman and the Sewerage and Water Board, on which the Globe Indemnity Company is surety, protected the Sewerage and Water Board only against the negligence of Brockman in the performance of the contract and did not cover the board's responsibility for its own torts.

The pertinent clause in the contract respecting the indemnity afforded to the Sewerage and Water Board reads as follows:

"* * * shall fully secure and protect the said Sewerage and Water Board, its legal successors and representatives from all suits or actions of any name or description brought against them or the City of New Orleans for or on account of any injuries or damages received or sustained by any party or parties by or from said Contractor, his servants or agents in the construction of said work, or by or in consequence of any negligence in guarding the same or any improper material used in its construction or by or on account of any act or omission of the said Contractor or agents."

Unless it can be concluded that the above-quoted clause imposes liability upon Brockman and his surety for the acts of negligence of the Sewerage and Water Board, the calls in warranty are not well founded in law.

■ In our opinion, the above stipulation secures and protects the Sewerage and Water Board from all suits or actions brought against it for any injuries or damages received or sustained by any party at the hands of Brockman, his servants or agents, in the construction of the work to be done under the contract. While the language used is not as explicit as it might have been, it is not patently ambiguous, and we are able to deduce that the parties agreed that the Sewerage and Water Board should be held harmless against any suit which might have been brought against it wherein the liability sought to be imposed was attributable to the negligence or fault of Brockman.

There is no provision, appearing in the contract of warranty, which would justify a conclusion that the Sewerage and Water Board was granted any indemnification against the consequences of its own negligence, and it cannot be presumed that such was the intention of the parties, in the absence of a clear and specific stipulation to that effect.

■ Counsel for the Globe Indemnity Company have furnished us with numerous authorities, all of which are of like tenor with the text found in 31 Corpus Juris, 431, where it is said:

"The established principle is thought to be that general words alone do not necessarily import an intent to hold an indemnitor liable to an indemnitee for damages resulting from the sole negligence of the latter; it is but reasonable to require

that an obligation so extraordinary and harsh should be expressed in clear and unequivocal terms."

The district judge correctly maintained the exceptions of no right of action of Brockman and the Globe Indemnity Company to the calls in warranty of the defendant Sewerage and Water Board. Inasmuch as they are not liable, it is unnecessary to consider the exception of the Globe Indemnity Company to Brockman's call in warranty.

For the reasons assigned, the judgments appealed from, sustaining the exceptions of no right of action of the Globe Indemnity Company and Thomas H. Brockman to the calls in warranty of the Sewerage and Water Board, are affirmed.

Affirmed.