Harold Lee STEPHENS, Plaintiff,

v.

CHEVRON OIL COMPANY, Defendant-Third-Party Plaintiff-Appellant,

v.

AETNA CASUALTY & SURETY CO., and Axelson, Inc., Third-Party Defendants-Appellees.

No. 73–3516.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1975.

Rehearing Denied Sept. 15, 1975.

Lloyd C. Melancon, New Orleans, La., for defendant-third-party plaintiff-appellant.

Allen R. Fontenot, Albert H. Hanemann, Jr., Robert A. Vosbein, New Orleans, La., for Aetna & Axelson.

Owen J. Bradley, New Orleans, La., for other interested parties.

Before WISDOM, SIMPSON and RONEY, Circuit Judges.

RONEY, Circuit Judge:

The sole issue on this appeal is whether a contractor-indemnitor, with no duty to indemnify against the owner-indemnitee's own negligence, must pay the costs and expenses of a successful defense by the indemnitee against a work-related claim of an employee of the indemnitor, where the claim was based entirely on the indemnitee's alleged negligence. A jury having found the indemnitee free from negligence, we hold that the indemnitee is entitled to recover from the indemnitor the costs and expenses incurred in successfully defending the personal injury suit. We reverse the district court's directed verdict to the contrary.

Initially, Harold Stephens filed suit against Chevron Oil Company under the Jones Act and general maritime law. Stephens, an offshore worker for Axelson, Inc. doing contract work for Chevron, alleged that he was injured while disembarking from a Chevron boat onto a Chevron wharf when returning from an offshore platform. The suit was against *only* Chevron and alleged the negligence of *only* Chevron. Stephens contended that the accident happened because the bow of Chevron's 18-foot workboat and Chevron's wharf were slick with oil.

Axelson's contract with Chevron included an indemnity provision whereby Axelson agreed

to defend and hold Company [Chevron] indemnified and harmless from and against any loss, expense, claim or demand for: (a) Injury to or death of Contractor's [Axelson] employees . . . in any way arising out of or connected with the performance by Contractor of services hereunder. . . . Company shall have the right, at its option, to participate in the defense of any such suit without relieving Contractor of any obligation hereunder. . . .

Chevron tendered the suit defense to Axelson, was refused, and successfully defended the claim in a jury trial. Through a series of special interrogatories, the jury found that Chevron was free from negligence, Chevron's boat was seaworthy, and Stephens' own negligence was the proximate cause of the accident.

After Axelson refused to accept defense of the suit, Chevron filed a third-party action against Axelson and its insurer, Aetna Casualty & Surety Company, for indemnification and reimbursement for legal expenses and costs under the terms of the written contract. Prior to submission of the case to the jury, the district court directed a verdict for the third-party defendants on motion and dismissed the third-party complaint.

On appeal, Chevron asserts that even though it would not have been entitled to indemnification had it been negligent, having successfully proven that it was not negligent it is entitled to reimbursement of legal fees and costs expended in the defense of the suit. Axelson maintains, as it has from the beginning of this litigation, that it has no contractual duty to defend Chevron against a suit premised solely on Chevron's own negligence.

Two guidelines for deciding this case are clear. First, if this suit were based on anything other than Chevron's negligence the indemnity provision would probably apply. Claims and suits for personal injuries to Axelson's employees arising out of Axelson's work for Chevron are expressly covered by the indemnity agreement. The agreement, by its terms, gives Chevron broader protection than mere indemnity against legal liability. It purports to protect Chevron against *any* loss, expense, *claim* or *demand,* even in the absence of Chevron's legal liability. All that is required to trigger the indemnity provision is that the loss, expense, claim or demand arise out of the contractual performance of the contractor-indemnitor.

■ Second, the terms of this indemnity agreement do not entitle Chevron to be indemnified against its own negligence. Under Louisiana law, an intention to indemnify an indemnitee against his own negligence will not be presumed in the absence of a clear and specific contractual stipulation to that effect. *Gorsalitz v. Olin Mathieson Chemical Corp.,* 429 F.2d 1033, 1049 (5th Cir. 1970), *cert. denied,* 407 U.S. 921, 92 S.Ct. 2463, 32 L.Ed.2d 807 (1972), *quoting Mills v. Fidelity & Casualty Co.,* 226 F.Supp. 786, 790 (W.D.La.), *aff'd sub nom., Yuba Consolidated Industries, Inc. v. Fidelity & Casualty Co.,* 338 F.2d 341 (5th Cir. 1964); *Williams v. California Co.,* 289 F.Supp. 376 (E.D.La.1968). *See also Despaux v. California Co.,* 286 F.Supp. 558 (E.D.La.1968). This follows from the presumption made by Louisiana jurisprudence that one does not normally intend to indemnify another against his own negligence. *See Buford v. Sewerage & Water Board,* 175 So. 110 (La.Ct.App.Orl. Cir. 1937). Chevron does not contend that this contract contains the requisite clear and specific language to permit it to recover for its own actual negligence.

Within these two guidelines we confront the issue here: whether Axelson has agreed to protect Chevron from expense in successfully defending against an Axelson employee's claim of injury based on Chevron's sole negligence, there being in fact no Chevron negligence.

■ When interpreting a written agreement under the law of Louisiana, it is clear that the intent of the parties is of paramount importance. Such an agreement must be construed in accordance with the plain, ordinary and popular sense of the language. *Texaco, Inc. v. Vermillion Parish School Board,* 244 La. 408, 152 So.2d 541, 548 (1963); *Sabine Construction Co. v. Cameron Sewerage District No. 1,* 298 So.2d 319, 325 (La.Ct.App.1974). Under these rules of construction, the contract between Chevron and Axelson clearly created a duty on the part of Axelson to defend and hold Chevron harmless against the claim of Stephens, if it in any way arose out of or was connected with Axelson's services to Chevron.

The indemnity agreement protects against loss from *claims* made by the contractor's employees, whether those claims are valid or not, and without regard to any fault on the part of Axelson, the indemnitor. The reason for the exclusion from indemnification of losses resulting from the indemnitee's negligence is that normally one cannot recover for losses which it has caused through its own acts of negligence. In this case Chevron's negligence has not caused the loss. The loss was caused because Axelson's employee pressed an invalid legal claim. There is no sound reason why Chevron, who has committed no fault, must incur the cost of defending against this invalid claim, simply because the invalidity resulted from a lack of negligence on the part of Chevron. In the total absence of Chevron's negligence, the manifest intention of the parties was that Axelson would defend and indemnify Chevron against any work-connected claims.

■ Axelson's argument—that indemnification is improper because Chevron's successful defense of the claim was based partially on its contention that the accident was fabricated by Stephens and did not arise out of any work that Axelson was doing for Chevron—misses the whole point of the language of the indemnity agreement. The agreement explicitly holds Chevron indemnified and harmless from and against any loss, expense, claim or demand for injury arising out of or connected with the performance of services under the contract by the contractor, Axelson. The indemnification agreement applies not only to loss for actual injury factually connected with the work, but to a *claim* that such an injury was incurred. If the claim arises out of and is connected with the work, it can be no defense to the indemnity contract that the claim was invalid, spurious or fraudulent.

We recognize that this decision defines a contractual duty which is completely visible to Axelson only in retrospect. If Axelson refuses Chevron's proffer of defense and indemnity and the jury determines that Chevron is negligent, then Axelson will not be liable to Chevron for the costs of defense. If, however, Axelson refuses and the jury finds that Chevron is free of negligence, then Axelson is liable under the contract to reimburse Chevron for the legal fees, costs and expenses which it incurred in defending the claim of Axelson's employee.

There may even be some question as to the conflict of interest that Axelson would find itself in upon undertaking the defense of such a suit. If it wins for Chevron, proving no Chevron negligence, it pays. If unsuccessful, Chevron being proven negligent, it does not pay. We need not address the question of whether in that event Axelson could recover the costs of such unsuccessful defense against the negligent Chevron. Chevron is at least partially protected against such a conflict by reserving the right to participate in the defense of the suit without giving up its right against Axelson under the indemnity provision.

In any event, such conflict of interest and hindsight-better-than-foresight problems are contractual in nature and are better worked out at the contract negotiating table than by judicial decision. These problems are not such as to deprive Chevron of its legal right to be indemnified under this contract for the expense of defending against the claims of Axelson's employees for job-related injuries, absent any Chevron negligence.

Axelson asserts that Stephens' claim did not arise out of the contract services. Although it is difficult to understand how a claim for injury which occurred in the manner alleged by Stephens would not have the necessary work connection to trigger the indemnity provision, this issue can be developed on remand. On this appeal, we merely hold that the district court was in error in directing a verdict for Axelson on the ground that the employee's claim asserted Chevron's negligence. Any genuine issues as to other material facts, including the amount of legal fees, costs and expenses to which Chevron may be entitled should be presented to the district court in proceedings consistent with this opinion.

Reversed and remanded.