434 So.2d 424 (1983)
Wilburn Troy STRICKLAND
v.
TESORO DRILLING CO., Aetna Casualty and Surety Co., Louisiana Land and Exploration Co. and National Union Fire Insurance Co. of Pittsburg, Pa.
No. 82-CA-0612.
Court of Appeal of Louisiana, First Circuit.
April 5, 1983.
Rehearing Denied July 15, 1983.
*425 Bradford R. Roberts, II, New Orleans, for plaintiff-appellant.
Ben Louis Day, Baton Rouge, James E. Blazek, New Orleans, for defendant-appellee Tesoro.
Donald Ensenat, New Orleans, for defendant-appellant La. and defendant-appellee Nat. Union.
Lawrence F. Chisholm, New Orleans, for intervenor Fireman's Fund.
Before EDWARDS, WATKINS and SHORTESS, JJ.
EDWARDS, Judge.
In this personal injury action, the plaintiff on appeal seeks an increase in the trial court's damage award for future lost earnings. In answering plaintiff's appeal, Tesoro *426 Drilling Co. (Tesoro) and Aetna Casualty and Surety Co. (Aetna) allege the trial court erred in not maintaining the defenses of victim fault and fault of a third party, and additionally argue that the awards for general damages and future lost earnings are excessive. Finally, Louisiana Land and Exploration Co. (LL & E) appeals the trial court's judgment granting Tesoro's third-party demand for a contractual indemnity from LL & E. We affirm.

BACKGROUND FACTS
Wilburn Troy Strickland, plaintiff, was injured on May 6, 1979, while working on a drilling rig owned by Tesoro. Strickland was injured when a piece of pipe known in the oil business as a "finger" broke off and fell from the derrick striking him on the head and shoulder while he stood on the rig floor.
LL & E had contracted with Tesoro to drill the well in question. The plaintiff was employed by Fishing Tools, Inc., a specialty service engaged by LL & E to provide torque control in the drilling process. The plaintiff sued Tesoro, its insurer, Aetna, LL & E and its insurer, National Union Fire Insurance Co. (National) for damages resulting from the accident. Tesoro and Aetna filed a third-party demand against LL & E and National seeking contractual indemnity for any recovery by the plaintiff against them.
The trial court rendered judgment in favor of plaintiff and against Tesoro and Aetna in the amount of $272,214.16. The court found Tesoro strictly liable for plaintiff's injuries under La.Civ.Code Art. 2322. The main demand against LL & E and National was dismissed, as the court found neither negligence nor strict liability on their part. However, the trial court did grant Tesoro's third-party demand against LL & E for indemnification, holding that the indemnity provision in the drilling contract included strict liability under La.Civ. Code Art. 2322.
On appeal, the parties have raised the following issues, which will be considered in turn:
(1) Tesoro and Aetna urge the defenses of victim fault and fault of a third-party were proven by a preponderance of the evidence. They also allege the awards for general damages ($35,000.00) and future lost earnings ($195,000.00) are excessive.
(2) Plaintiff alleges the award for future lost earnings is insufficient and based on an erroneous finding by the trial court that he will regain sixty percent of his prior ability.
(3) LL & E argues that the indemnity provision does not include strict liability, nor does it apply to injuries caused by defects that either arose during other drilling operations or during the manufacturing of the "finger".

VICTIM/THIRD-PARTY FAULT
The plaintiff was injured during the storage of the power swivel in the part of the rig known as the "rat hole". The power swivel, manufactured by Fishing Tools, is used to monitor the amount of torque applied to the drill pipe. Prior to the accident, it became necessary to remove the power swivel from the drill pipe for storage. Plaintiff, who was operating the swivel at the time, directed the storing procedure, which consisted of lifting the swivel by air hoist and lowering it into the "rat hole". Plaintiff testified that he was struck by the "finger" while unlatching the air hoist from the swivel, after it had been stored. However, Tesoro and Aetna claim that contradictory testimony established that the plaintiff caused his own injuries by negligently directing the storing procedure.
Mason Minchew, the driller on duty at the time of the accident, testified that the plaintiff was struck by the "finger" during the storage procedure, immediately after plaintiff signaled for the air hoist to be lowered. Minchew added that this signal was untimely as the block from which the swivel was suspended was swinging in the wrong direction. According to Minchew, this placed the rigging in a bind and would bring the air hoist cables in close proximity to the "finger". He did not, however, testify *427 that he saw the cables entangled with the "finger". Minchew's testimony, as well as the testimony of other witnesses to the accident, fails to establish that plaintiff's actions were a cause-in-fact of his injuries. We agree with the trial court's conclusion that the defense of victim fault has no merit. Manifest error has not been shown. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Alternatively, Tesoro and Aetna contend that the actions of a third party, Wayne Zeringue, resulted in plaintiff's injuries. Zeringue, a petroleum engineer, was contracted by LL & E to supervise the drilling operations at the well site. Thus, Tesoro and Aetna urged that he was responsible for inspecting the rig for defects, and his failure to do so resulted in plaintiff's injuries. However, the evidence reflects that it was Tesoro's tool pusher, Philip Hopkins, who was responsible for maintenance and inspections of the rig. Thus, we agree with the trial court's ruling that the defense of third-party fault is without merit. No manifest error is present. Arceneaux, supra.

QUANTUM
Tesoro and Aetna contend that the awards of $35,000.00 for general damages and $195,000.00 for future lost earnings are excessive. However, our review of the record reveals that the awards are reasonable in light of the evidence presented. The pain and discomfort suffered by the plaintiff are apparent by the facts and testimony, and the future earnings award lies within the range established by the parties' economic experts. Absent an initial determination that the trial court has abused its discretion, this court should not disturb the trier's award. Reck v. Stevens, 373 So.2d 498 (La.1979).
Plaintiff, however, contends that the award for future lost earnings is insufficient and based on an erroneous finding by the trial court that he will regain sixty percent of his prior ability. Plaintiff submits that this finding has no basis in the record and is inconsistent with other factual findings in the trial court's opinion. However, our review of the record shows that while plaintiff's doctor felt further rehabilitation was improbable, the defendants' examining doctor believed the plaintiff could achieve full recovery after six months of exercise. The trial court's finding that plaintiff will recover sixty percent of his prior ability is clearly within the range of recovery established by the experts, and is a reasonable exercise of discretion. Moreover, the grant of $195,000.00 for future lost earnings is within the range set by the parties' economists. No abuse of discretion is present that would prompt this court to disturb the award. Robinson v. Graves, 343 So.2d 147 (La. 1977).
Nor do we find an inconsistency in the trial court's opinion. Plaintiff argues the trial court's finding that he will probably recover "sixty percent of his prior ability... to function fully, if not in the oil field, certainly in a similar occupation" is inconsistent with another finding that "although plaintiff is not permanently, completely disabled he will not ever be able to return to his former work as a power swivel operator." Although somewhat confusing, we interpret the trial court's findings as saying that although the plaintiff's recovery will not allow him to return to operating a power swivel, he should be able to perform a similar job, perhaps in the oil field business. This construction is supported by the evidence, particularly the expert medical testimony, and justifiable inferences therefrom.

INDEMNITY
The drilling contract between Tesoro and LL & E contains the following provision on indemnity:
"Operator's Indemnification of Contractor: Operator [LL & E] agrees to protect, defend, indemnify and save Contractor [Tesoro] harmless from and against all claims, demands and causes of action of every kind and character, without limit and without regard to the cause or causes thereof or the negligence of any party, arising in connection herewith in *428 favor of Operator's employees, Operator's contractors or their employees, ... on account of bodily injury, death or damage to property." (emphasis added).
Fishing Tools is a separate contractor of LL & E, as it was hired by Wayne Zeringue, LL & E's contracted petroleum engineer. Thus, plaintiff, an employee of Fishing Tools, is covered by the indemnity provision. The trial court held the provision included strict liability and ordered LL & E to indemnify Tesoro for the amount awarded plaintiff.
LL & E, however, argues that since the provision does not expressly refer to "strict liability" or "La.Civ.Code Art. 2322", it therefore does not unequivocally state the intent of the parties to indemnify strict liability. We disagree. The provision must be interpreted according to its intended meaning, and the absence of specific words is not decisive. Hyde v. Chevron U.S.A., Inc., 697 F.2d 614 (5th Cir.1983); Polozola v. Garlock, Inc., 376 So.2d 1009 (La.App. 1st Cir.1979). The specific language in the instant provision of "all claims, demands and causes of action of every kind and character" is broad enough to include strict liability, and evidences a clear intent to do so. A similar provision in Hyde, providing indemnity for "any claims for damages ..., for injury to, ... employees of contractor" was held to include indemnity for strict liability. The instant provision is broader and more inclusive than the Hyde language. Additionally, as discussed in Hyde, the policies underlying strict liability argue for permitting indemnity agreements to include such cases. We, therefore, hold the intention of the parties was that LL & E should indemnify Tesoro against claims of strict liability made by employees (plaintiff) of LL & E's contractors (Fishing Tools).

PREEXISTING DEFECTS
LL & E further argues that the indemnity provision does not apply to the instant factual setting. According to LL & E, the injury suffered by plaintiff was caused by a "finger" containing a preexisting defect. LL & E submits the "finger" was defective since its manufacture or made so by misuse on other Tesoro drilling rigs. Thus, under the language of the indemnity provision, LL & E concludes that plaintiff's injury was not "arising in connection" with the work under the drilling contract.
In Mott v. ODECO, 577 F.2d 273 (5th Cir.1978), the court held that the parties there did not intend their indemnity provision to cover injuries caused by preexisting defects. However, this interpretation was based on the testimony of one of the parties that such injuries were not to be included. Moreover, the court found that the defect was preexisting. But in our case, no such finding, testimony or other evidence supporting LL & E's claim is present. Accordingly, we find this contention without merit.

DECREE
For the above-expressed reasons, we affirm the judgment of the trial court. Costs of this appeal are to be shared equally by all parties.
AFFIRMED.
SHORTESS, Judge, dissenting.
Notwithstanding applicant's impertinence, which is probably in violation of our Rule 2:12:4, a rehearing should be granted on the question of indemnification, because it is my opinion that we may have erred originally as to that issue.