**Hartford DURANT, Jr.**

v.

**CHEVRON U.S.A., INC.**

Civ. A. No. 82–2778.

United States District Court,
E.D. Louisiana.

July 25, 1985.

W. Henry Sanders, Jena, La., Wilson M. Montero, Jr., Esq. Joseph E. Roberts, Esq., T.A. Metairie, La., for plaintiff.

Michael J. Vondenstein, Hailey, McNamara, Hall Larmann & Papale, Metairie, La., for intervenor Maryland Cas. Co.

Milling, Benson, Woodward, Hillyer, Pierson & Miller, John T. Nesser, III, Charles F. Seabolt, New Orleans, La., for Chevron U.S.A., Inc.

James Ryan, III, Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., for Tilden J. Elliott Contract, Inc.

## OPINION

ARCENEAUX, District Judge.

Once again this matter is before the Court to determine the right of Chevron, U.S.A., Inc. (Chevron) to seek contractual indemnity from Tilden J. Elliott Contractors, Inc. (Elliott) and its insurer Northeastern Fire Insurance Company of Pennsylvania, (hereinafter sometimes together referred to as Elliott), considering the effect of the Louisiana Oilfield Indemnity Act, LSA–R.S. 9:2780 (the Act).

Plaintiff, Elliott's employee, was injured on March 31, 1982 on Chevron's drilling platform. Plaintiff sued Chevron alleging Chevron's negligence and strict liability. Chevron filed a third party complaint against Elliott and its insurer seeking contractual indemnity under a 1982 Service Order and Agreement.

Elliott moved for summary judgment that Chevron's third party complaint for indemnity is barred by the Act. The Judge of the section of this Court to which this matter had been previously allotted granted the motion, denied Chevron's motion for reconsideration and issued his opinion on September 26, 1984, *Durant v. Chevron, U.S.A., Inc.*, 594 F.Supp. 527 (E.D.La.1984). Chevron moved for clarification of the opinion and the Court issued a minute entry dated October 5, 1984. On January 2, 1985 the suit was transferred to this section and Chevron again moved for reconsideration of the September 26, 1984 and October 5, 1984 opinions. The Court deferred ruling and Elliott moved for reconsideration of the Court's decision to defer ruling on Chevron's motion for reconsideration. At oral argument on March 13, 1985, the Court agreed to reconsider the ruling that the Act bars Chevron's claim for indemnity from Elliott, and now issues its order and reasons.

### I—Chevron's Negligence

The Court must first interpret the indemnity provision contained in the Service Order and Agreement:

Contractor agrees to defend and hold Company indemnified and harmless from and against any loss, expense claim or demand for:

a) Injury to or death of Contractor's employees or for damage to or loss of Contractor's property in any way arising out of or connected with the performance by Contractor of services hereunder; and

(b) Injury to, or death of, third persons or the employees of Company, or for damage to or loss of property of Company or of third persons, in any way arising out of or connected with the performance by Contractor of services hereunder, unless caused solely by the negligence of Company; provided that if such injury, death, damage or loss is caused by the joint or concurrent negligence of Contractor and Company, each shall be liable

for one-half of the loss, expense, claim or demand resulting therefrom.

Presented with *identical* language in *Wiley v. Offshore Painting Contractors, Inc.,* 711 F.2d 602 (5th Cir.1983) the Fifth Circuit held that whereas paragraph (b) clearly indicated the parties intention to indemnify Chevron for its own negligence, paragraph (a) was ambiguous and did not indicate an intention to indemnify Chevron for its own negligence. Because the jury found Chevron's negligence to be the sole cause of the damage, Chevron could not recover indemnity.

As in *Wiley,* paragraph (a) is the indemnity provision applicable to Chevron's claim against Elliott because Elliott's (Contractor's) employee was injured. As a matter of law, paragraph (a) does not permit Chevron to seek indemnity for its own negligence.

The subject paragraph does not purport to apply to Chevron's negligence and clearly lacks the "talismanic language" required by Louisiana law to do so. See *Wiley, supra,* at 610.

## II—Chevron's Strict Liability

■ As to indemnity for Chevron's strict liability, the same principles of contractual construction apply, that is, whether the parties clearly indicated their intention to allow indemnity for strict liability. *Hyde v. Chevron, U.S.A., Inc.,* 697 F.2d 614 (5th Cir.1983). In *Hyde* the Fifth Circuit analyzed an indemnity provision substantially similar to the instant clause and held Chevron was entitled to indemnity for its strict liability. The Court found the detailed insurance coverage provisions (not present in this agreement) manifested the parties' intention and cited *Cole v. Chevron Chemical Co.,* 477 F.2d 361 (5th Cir.1973) and *Stephens v. Chevron Oil Co.,* 517 F.2d 1123 (5th Cir.1975) as allowing indemnity for strict liability pursuant to language

"virtually identical" to the *Hyde* language. Based on the reasoning of *Hyde* and the cases cited therein, I conclude that Chevron's agreement with Elliott entitles Chevron to indemnity for its strict liability.[1]

## III—The Louisiana Act

### A.

■ Considering now the applicability of the Act, since paragraph (a) allows indemnity only for Elliott's negligence, it follows that the Act has no effect on that indemnity provision. LSA–R.S. 9:2780 makes void any provision in an agreement pertaining to an oil or gas well "to the extent that it purports to or does provide for defense or indemnity . . . to the indemnitee . . . which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee. . . ." Because paragraph (a) requires indemnity only for Elliott's negligence and not for negligence or fault of Chevron, the Act does not apply. *Nesom v. Chevron, U.S.A., Inc.,* C.A. No. 83–5298 (E.D.La.1984). Of course, should Elliott's fault be the sole cause of the claimant's alleged injuries, no liability could be imposed upon Chevron. Even if the subject language granted "concurrent fault" indemnity to Chevron, it would clearly be barred by the Act's prohibition against indemnity for claims caused by the "concurrent negligence" of the indemnitee.

### B.

■ However, with regard to indemnity for strict liability, what *Hyde* giveth the Act taketh away. The Act makes unenforceable a provision purporting to provide indemnity to the indemnitee resulting from the *"fault (strict liability)* of the indemnitee." (Emphasis added). The literal wording of the statute mandates the conclusion that if Chevron is found strictly liable it is not entitled to indemnity, regardless of El-

---

**1.** The Court notes the recent decision of *Sovereign Insurance Co. v. Texas Pipeline Co.,* 470 So.2d 969 (La.App. 1st Cir.1985) (en banc) in which the Court held that the intention to indemnify the indemnitee for its strict liability must be expressed in unequivocal terms, over-

ruling *Strickland v. Tesoro Drilling Co.,* 434 So.2d 424 (La.App. 1st Cir.1983), writs denied. *Strickland* adopted the rationale of *Hyde.* This Court is bound to follow *Hyde* but the application of *Soverign* would not change the result reached here. (See part III-B, infra.)

liott's fault. *Rigby v. Tenneco Oil Co.,* 607 F.Supp. 1247 (E.D.La.1985); *Home Insurance v. Garber Industries, Inc.,* 588 F.Supp. 1218 (W.D.La.1984). Although the Court is aware of inequities which may arise by prohibiting indemnity for Chevron's liability where that liability arises only from custodial relationships, such as those upon which Louisiana's strict liability code articles are founded, (see *Hyde, supra*) this Court is not free to alter the policy decision of the Louisiana legislature.

### IV—Chevron's Costs of Defense

■ Elliott argues it is not liable even for costs of defense under *Sullen v. Missouri Pacific Railroad Company,* 750 F.2d 428 (5th Cir.1985). Elliott relies on *Sullen* for the proposition that unless the indemnity agreement specifically provides for costs of defense Chevron is not entitled to them, citing *Sullen's* language that

> unless the contract of indemnity specifically provides for costs of defense as a separate item of indemnification, the indemnitor has no obligation to defend if the petition alleges facts which, if proven, would establish liability of the indemnitee but preclude coverage under the indemnity agreement.

*Sullen, supra,* at 433–434.

The complaint in this case claims damages from Chevron based on its alleged negligence and strict liability. For reasons earlier stated, indemnity will not be allowed as to either of these claims. *Sullen* teaches that under Louisiana law, which this Court is *Erie*-bound to apply:

> Whether a party is obliged to tender a defense to another party depends entirely upon the allegations in the precipitating pleadings.
>
> ... [T]he Louisiana courts look exclusively to the pleadings in light of the contract provisions; the ultimate outcome of the case has no effect upon the duty to defend.

*Sullen, supra,* at 433 (citations omitted).

Since, here, as in *Sullen,* the pleadings only allege claims against Chevron which Elliott had no duty to defend, Elliott is not obliged to reimburse Chevron the costs it may incur in its defense.

Accordingly, upon reconsideration, and for reasons stated herein, the previous granting of third party defendant Elliott's motion for summary judgment is AFFIRMED.

IT IS SO ORDERED.