[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15945
Non-Argument Calendar

_____

D.C. Docket No. 4:12-cv-00598-RH-CAS

SNYDER'S-LANCE INC.,

                                                                Plaintiff-Appellant,

versus

COWEN TRUCK LINE, INC.,

                                                                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 21, 2014)

Before HULL, MARCUS and ROSENBAUM, Circuit Judges.

PER CURIAM:

    In this diversity action, Snyder's-Lance Inc. ("SLI"), appeals the district

court's grant of summary judgment in favor of Cowen Truck Line, Inc. ("Cowen"),

on SLI's complaint seeking to recover from Cowen, pursuant to a contractual indemnity provision, expenses incurred in defending and settling a wrongful-death lawsuit. After a review of the record and the parties' briefs, we affirm.[1]

## I.

SLI is a snack-food manufacturer. Through a transportation consultant—Transportation Insight, LLC—SLI hired Cowen, a freight carrier, to haul goods from an SLI plant in Ohio to an SLI plant in Florida. Pursuant to the agreement, a Cowen driver, Charles Taft, delivered a load of SLI goods to the Florida plant. After Mr. Taft backed his truck into the loading dock, he exited the truck on foot, crossed a concrete barrier, and entered an adjoining loading dock, where, apparently, Mr. Taft attempted to retrieve chrome lug nuts that had come off his truck. While Mr. Taft was in the adjacent dock, he was run over and killed by an SLI truck, which an SLI employee was backing into the dock at the time.

Mr. Taft's estate brought a wrongful-death action in Florida state court against SLI and the SLI employee based solely on the negligence of SLI's employee. Faced with the lawsuit, SLI demanded that Cowen defend SLI pursuant to an indemnity provision in the governing contract. Cowen denied that the provision applied and refused to provide a defense. Later, SLI settled the

---

[1] A motions panel of this Court granted SLI's motion to amend the deficient allegations of diversity of citizenship, and we have subject-matter jurisdiction to decide this appeal. *See* 28 U.S.C. §§ 1332, 1653.

2

negligence action for $750,000.00, without admitting fault, and incurred $473,064.95 in attorney's fees and costs. SLI brought this action to recover these amounts from Cowen under the indemnity provision.

The contract at issue in this dispute is between Transportation Insight and Cowen. Transportation Insight is a third-party freight provider who contracts with various carriers, including Cowen, to provide freight services for its clients, including SLI. No dispute exists over whether SLI may bring an action based on the contract; it can.

Therefore, we review two provisions of the contract relevant to this appeal. First, the contract provides that North Carolina law governs. Second, the contract contains an indemnity provision, which provides as follows:

> "CARRIER [Cowen] agrees to indemnify, defend and hold TRANSPORTATION INSIGHT and CLIENTS [SLI] their agents, employees, and principals harmless from and against any and all direct and indirect claims arising out of or resulting from transportation provided pursuant to this Agreement, including, but not limited to, claims for bodily injury, death, property damage, attorney fees, loss, damage or delay. CARRIER'S Liability under this indemnity and hold harmless provision shall be reduced in proportion to the degree of negligence, if any, of TRANSPORTATION INSIGHT or CLIENTS."

The district court granted summary judgment in favor of Cowen on two alternative grounds. First, the court concluded that the indemnity provision did not apply because the accident did not arise out of or result from transportation provided pursuant to the contract. At the time of the incident, "Mr. Taft was not

3

transporting goods or otherwise performing any duty under the contract." Rather, he had completed the transportation of the goods and was simply a pedestrian on the premises when he was killed. Furthermore, the SLI truck and employee were not engaged in transportation provided pursuant to the contract. The court found that, "[o]n any proper reading of the indemnity clause," Cowen did not agree to indemnify SLI in these circumstances.

Second, the district court determined that the indemnity provision did not apply to a claim, like the wrongful-death action at issue, alleging only that the indemnitee itself was negligent. Relying on *Hill v. Carolina Freight Carriers Corp.*, 71 S.E.2d 133 (N.C. 1952), the court stated that an indemnity provision does not apply to such a claim unless the provision explicitly shows that the parties intended to indemnify the indemnitee's own negligence. The court found that allowing SLI to recover in these circumstances was inconsistent with the purpose of the provision:

> The clause's primary purpose was to ensure that if Cowen's acts caused an injury—if, for example, a Cowen driver caused a wreck while transporting goods under the contract—and if, as a result, the injured party sued not only Cowen but also Transportation Insight or [SLI], perhaps on the theory that Cowen was acting as their agent, then responsibility for defending the lawsuit and paying any loss would fall on Cowen, not on Transportation Insight or [SLI]. The clause plainly was *not* intended to allow [SLI] to escape responsibility for its own driver's negligence in causing an accident. In short, Cowen undertook responsibility for its own trucking operation, but not for the operation by [SLI] of its own trucks.

4

Furthermore, the district court found that the second sentence of the provision, which limited Cowen's liability in proportion to the negligence of Transportation Insight or its clients, underscored that the purpose of the provision was to relieve Transportation Insight and SLI from responsibility for damages caused by Cowen but not to relieve them of responsibility for their own negligence.

SLI moved for reconsideration of the judgment under Rule 59(e), Fed. R. Civ. P., arguing, among other things, that the district court failed to distinguish between an *allegation* of negligence and a *finding* of negligence. Instead, the court simply relied on the allegations that SLI was negligent to determine SLI's rights under the indemnity provision. The district court denied the Rule 59(e) motion, stating that the allegations themselves were not covered by the indemnity provision, so Cowen had no duty to defend or to indemnify. SLI timely brought this appeal.

SLI argues that the district court erred in granting summary judgment in favor of Cowen for two primary reasons. First, the court relied solely upon the allegations of wrongdoing, rather than an actual finding of wrongdoing, to determine SLI's rights. Second, the court erred in narrowly interpreting the "arising out of or resulting from" clause in the contract, particularly when the court made no findings of fact with respect to Mr. Taft's actions at the time of the

incident.    Finally, SLI argues that the court should have granted summary judgment in its favor based on the plain language of the indemnity provision.

## II.

We review a district court's grant of summary judgment *de novo*.  *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006).  Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986); *Holloman*, 443 F.3d at 836-37.  Interpretation of a contract is a question of law reviewed *de novo*.  *Tobin v. Mich. Mut. Ins. Co.*, 398 F.3d 1267, 1274 (11th Cir. 2005).

Initially, we consider whether the wrongful-death action was a claim "arising out of or resulting from transportation provided pursuant to [the] Agreement."  Mr. Taft may have completed the transportation of SLI's goods and simply may have been on the premises as a pedestrian at the time that the accident occurred.  But the district court did not make any detailed factual findings with respect to Mr. Taft's actions at the time of the incident, so we instead resolve this appeal on the district court's alternative and sufficient ground for granting

6

summary judgment: that the indemnity provision did not cover a claim alleging only SLI's negligence.

A court's "primary purpose in construing a contract of indemnity is to ascertain and give effect to the intention of the parties, and the ordinary rules of construction apply." *Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C.*, 658 S.E.2d 918, 921 (N.C. 2008) (quotation omitted). An indemnity provision must be appraised in relation to the contract as a whole. *Id.*

A standard contract of indemnity "will be construed to cover all losses, damages, and liabilities which reasonably appear to have been within the contemplation of the parties." *Id.* at 922 (quotation marks and citation omitted). But exculpatory provisions, "whereby a party seeks to protect itself from liability arising from its *own* negligence," are strictly construed:

> Contracts which seek to exculpate one of the parties from liability for his own negligence are not favored by the law. Hence it is a universal rule that such exculpatory clause is strictly construed against the party asserting it. It will never be so construed as to exempt the indemnitee from liability for his own negligence or the negligence of his employees in the absence of explicit language clearly indicating that such was the intent of the parties.

*Id.* (quoting *Hill*, 71 S.E.2d at 137 (citations omitted)).

SLI argues that Cowen is liable under the indemnity provision because Cowen "unambiguously" agreed to defend SLI and its employees against "any and all direct or indirect claims," Cowen failed to provide such a defense and thereby

7

caused SLI to incur the costs of defense and settlement, and SLI was not found to be negligent. According to SLI, this Court need not determine whether the indemnity provision should be interpreted to provide indemnity for SLI against its own negligence because the second sentence limiting Cowen's liability resolves the issue. Based on that sentence, SLI argues that Cowen "must defend SLI with respect to the claim and then, if SLI is *found* to be at least partially negligent, [Cowen's] liability would be reduced proportionally." The parties would "settle up" after a determination of liability is made.

We conclude that SLI is not entitled to recover under the indemnity provision because its losses do not "reasonably appear to have been within the contemplation of the parties." *Schenkel & Shultz*, 658 S.E.2d at 922.

In determining whether a party is obligated under a contract to tender a defense to another party, "the facts as alleged in the complaint are to be taken as true and compared to the language" of the contract. *See Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 692 S.E.2d 605, 610-11 (N.C. 2010) (concerning an insurer's duties to defend and to indemnify); *Waste Mgmt. of Carolinas, Inc. v. Peerless Ins. Co.*, 340 S.E.2d 374, 377 (N.C. 1986) (concerning an insurer's duty to defend).[2] If the contract provides coverage for the facts as alleged, the

---

[2] SLI asserts that case law concerning an insurer's duty to defend or to indemnify pursuant to an insurance contract is somehow inapposite to the instant situation, which also involves a contractual obligation to defend and to indemnify. But SLI has offered no valid

indemnitor has an obligation to defend. *See Harleysville*, 692 S.E.2d at 611. By contrast, the duty to indemnify "is measured by the facts ultimately determined at trial." *Id.* at 610. In that sense, the duty to defend is broader than the duty to indemnify. *Id.* at 610-11.

The underlying wrongful-death claim for which SLI seeks reimbursement was premised solely on the negligence of SLI and its employee. Therefore, in order to determine whether Cowen had a duty to defend—in essence, whether the claim on its face was covered by the indemnity provision—we must address whether the indemnity provision can be construed so "as to exempt the indemnitee from liability for his own negligence or the negligence of his employees." *See Schenkel & Shultz*, 658 S.E.2d at 922. Here, neither the indemnity provision nor the contract as a whole explicitly indicates that the parties intended to indemnify Transportation Insight or its clients from their own negligence, and SLI does not contend that they do.

Rather, if any explicit intent is found in the contract, it is that Cowen would not be responsible for the indemnitees' negligence, which the second sentence of the indemnity provision makes clear. SLI reads this second sentence as somehow expanding Cowen's duty to defend until a determination of liability is made, but

---

reason for this distinction—and we find none apparent—particularly when the indemnity provision at issue provides for both obligations.

9

that is not a reasonable construction of the agreement, particularly in light of established North Carolina law concerning strict construction of exculpatory provisions.  Accordingly, we cannot construe the indemnity provision to cover a claim based on the negligence of SLI or its employees because there is no "explicit language clearly indicating that such was the intent of the parties."  *Id.*

Therefore, Cowen did not have an obligation to defend SLI against the wrongful-death complaint because the claim, taken as true, was not covered by the indemnity provision.  *See Harleysville*, 692 S.E.2d at 611.  Because no duty to defend arose, no duty to indemnify exists, even if SLI ultimately settled without admitting fault.[3]  *See, e.g.*, *Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.*, 657 F.3d 1135, 1146 (11th Cir. 2011) (citing a case for the proposition that a "court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify"); *Nat'l Cas. Co. v. McFatridge*, 604 F.3d 335, 338 (7th Cir. 2010) ("If an insurer has no duty to defend, it has no duty to indemnify."); *Penn-America Ins. Co. v. Coffey*, 368 F.3d 409, 413 (4th Cir. 2004) ("Although an insurer's duty *to indemnify* will depend on resolution of facts alleged in the

---

[3] We do not find the case of *Stephens v. Chevron Oil Co.*, 517 F.2d 1123 (5th Cir. 1975), to be controlling.  First, *Stephens* was decided under Louisiana law, which is not at issue here. Second, the Fifth Circuit later acknowledged that "the *Stephens* court overlooked controlling Louisiana precedent" and that "post-*Stephens* decisions of the Louisiana courts" had reached contrary results.  *Sullen v. Mo. Pac. R. Co.*, 750 F.2d 428, 433 (5th Cir. 1985).  The Fifth Circuit's decision in *Sullen* supports the result we reach in this case.  *See Sullen*, 750 F.2d at 433-34 (holding that, since the underlying pleadings alleged only the negligence of the indemnitee, the indemnitor had no duty to defend).

complaint, no such factfinding is necessary if there is no duty *to defend* because the allegations, even when taken as proved, would fall outside the policy's coverage."). Thus, the district court did not err in relying on *allegations* of negligence rather than actual *findings* of negligence, because that was the appropriate way to determine whether the underlying claim, on its face, was within the scope of the indemnity provision.

More generally, we conclude that SLI's interpretation of the indemnity provision is unreasonable in light of the contract as a whole. *See Schenkel & Shultz*, 658 S.E.2d at 921-22. The contract generally provides that Cowen would operate as a carrier on behalf of SLI, among others, for goods and services that SLI needed transported, and SLI would have little to no control over events while the goods were in Cowen's trucks during transportation. Accordingly, we agree with the district court that the "clause's primary purpose was to ensure that if Cowen's acts caused an injury," and as a result, the injured party sued not only Cowen but SLI, "responsibility for defending the lawsuit and paying any loss would fall on Cowen." In a similar vein, we think that Cowen is correct when it states that the provision was intended "to provide a defense/indemnity to SLI in those situations in which SLI may have some joint and several liability or some technical or derivative/vicarious liability." The claim for which SLI seeks to recover does not implicate these purposes.

11

For instance, SLI did not contend in the district court, and does not argue on appeal, that Cowen is liable for the wrongful-death action due to any negligence on Cowen's part, or that SLI's alleged fault is somehow derivative of Cowen's fault. For these reasons, the case of *Bridgestone/Firestone, Inc. v. Ogden Plant Maintenance Co. of North Carolina*, 548 S.E.2d 807 (N.C. Ct. App. 2001), does not support SLI's position.    In *Bridgestone*, wrongful-death suits based on negligence were brought against the plaintiff-indemnitee and the defendants-indemnitors after an industrial accident resulting in two deaths.  *Id.* at 809.  The plaintiff settled the claims of direct and active negligence against it during trial and then sought indemnification from the defendants for the costs of settling the claims, pursuant to contractual indemnity provisions.  *Id.* at 809-10.  The plaintiff alleged that it could only have been liable based on some passive or derivative fault.  *Id.* at 811.  The court found that the plaintiff could proceed with its action because it was seeking indemnification for sums paid as a result of the defendant's negligence, so it was not attempting to hold the defendants liable for the plaintiff's own negligence.  *See id.* at 810-12.  Here, SLI is not seeking to hold Cowen liable for any negligence on Cowen's part, so *Bridgestone* does not support SLI's position in this case.

12

## III.

In short, we hold that SLI is not entitled to recover from Cowen the costs of defending and settling the wrongful-death claim because the indemnity provision did not expressly indicate the parties' intent to indemnify the negligence of SLI or its employees.  Accordingly, we affirm the judgment of the district court.

**AFFIRMED.**