**Charles N. EUDY, An Individual, Plaintiff-Appellant,**

v.

**MOTOR–GUIDE, HERSCHEDE HALL CLOCK CO., A Division of Arnold Industries, Inc., Defendant-Appellee.**

No. 78–3777

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 5, 1979.

John B. Farese, Ashland, Miss., for plaintiff-appellant.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Pearce & Schaeperklaus, Roy F. Schaeperklaus, James W. Pearce, Cincinnati, Ohio, Dolton W. McAlpin, Starkville, Miss., for defendant-appellee.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

The appellant, Charles N. Eudy, sought recovery against the appellee, Motor-Guide, Herschede Hall Clock Co. for alleged patent infringement and misappropriation of trade secrets. The appellee denied the allegations of the complaint and pleaded a four-count counterclaim in which it was alleged that the appellant had committed fraud upon the patent office, that the appellant's patent was invalid, that the appellant had committed unfair trade practices in its dealings with the appellee, and that the appellant had acted in restraint of trade. In an order dated June 30, 1977, the district court dismissed the appellant's claim of trade secret misappropriation. In an order dated November 3, 1978, the district court granted partial summary judgment in the appellee's favor. It dismissed the appellant's claim of patent infringement and sustained the appellee's claims of fraud and patent invalidity, thus leaving to be adjudicated only the appellee's counts of unfair trade practices and restraint of trade. From this second order, the plaintiff appeals. We cannot reach the merits of this order, however, for we find that we have no jurisdiction over this appeal. It therefore must be dismissed.

The courts of appeal have jurisdiction over final judgments. 28 U.S.C. § 1291 (1976). An order of a district court granting partial summary judgment which leaves claims to be adjudicated may constitute a final order "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). Since no such determination was requested or made in this case, the district court's order is not appealable. *See Kirtland v. J. Ray McDermott & Co.*, 568 F.2d 1166, 1168–69 (1978); 6 Moore's Federal Practice ¶ 54.-28[2].

Nor may the appellant rely on 28 U.S.C. § 1292(a)(4) (1976) which permits appeals from "[j]udgments in civil actions for patent infringement which are final except for accounting." The applicability of that section also depends upon the existence of a judgment which is final within the meaning of 28 U.S.C. § 1291 (1976) except for an outstanding accounting. *See Stamicarbon, N. V. v. Escambia Chemical Corp.*, 430 F.2d 920, 930 (5th Cir.), *cert. denied*, 400 U.S. 944, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970); *American Cyanamid Co. v. Lincoln Laboratories, Inc.*, 403 F.2d 486 (7th Cir. 1968).

APPEAL DISMISSED.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 431 F.2d 409 (5th Cir. 1970) (Part I).