William Henry HOBBS,
Plaintiff–Appellee,

v.

TELEDYNE MOVIBLE OFFSHORE, INC.
and Argonaut Insurance Company, De-
fendants–Appellants–Cross Appellees,

v.

CHEVRON OIL CO., INC., Defendant–
Third Party Plaintiff–Appellee–Cross
Appellee,

v.

COASTAL MARINE et al., Third Party
Defendants–Appellees,

v.

OIL WELL DRILLING CONTROL, INC.,
Third Party Defendant–Appellee–Cross
Appellant.

No. 79–3956
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

Dec. 17, 1980.

Rehearing and Rehearing En Banc
Denied Jan. 19, 1981.

Christopher B. Siegrist, Joseph J. Weigand, Jr., Houma, La., for defendants–appellants–cross appellees.

David S. Cook, Lafayette, La., for Oil Well Drilling Control, Inc.

Lloyd C. Melancon, New Orleans, La., for Chevron U.S.A., Inc.

Terriberry, Carroll, Yancey & Farrell, John A. Bolles, New Orleans, La., for Coastal Marine, Inc. & Proprietors Ins.

Before BROWN, POLITZ and TATE, Circuit Judges.

POLITZ, Circuit Judge:

Before the court are indemnity claims arising out of a personal injury suit.

Henry Hobbs was injured in an offshore accident while working for Oil Well Drilling Control, Inc., an independent contractor, on a rig owned by Teledyne Movible Offshore, Inc., which was on a platform owned by Chevron Oil Co., Inc. The accident occurred as Hobbs was being transferred by a Teledyne crane from the rig to a crew boat owned by Coastal Marine.

Hobbs sued Teledyne, its insurer, Chevron and Coastal. Chevron filed third party claims against Oil Well, Coastal and Teledyne for contractual indemnification, but pursued its claims only against Oil Well.

A jury trial on Hobbs's complaint resulted in a verdict for Hobbs against Teledyne. Coastal and Chevron were found free of negligence. The district court subsequently granted a motion for summary judgment in favor of Chevron against Oil Well for ex-

penses of defense, allowing the parties an opportunity to reach an agreement as to amount, if they could, within a stated period. This effort was unsuccessful. Oil Well then filed a cross–complaint against Teledyne and Coastal for reimbursement of defense costs owed to Chevron. The district court granted summary judgment: (1) for Chevron against Oil Well for $5,631.82, (2) for Oil Well against Teledyne for $2,815.91, and (3) for Coastal rejecting Oil Well's claims. Oil Well and Teledyne appeal.

On appeal, Oil Well contends that Chevron is not entitled to indemnity and, alternatively, if Chevron is so entitled, then Teledyne and Coastal should be cast in solido with it.

On appeal, Teledyne challenges the timeliness of Oil Well's cross claim; the propriety of granting a motion for summary judgment without a hearing and absent stipulated facts; the applicability of the indemnity agreement in personal injury cases; the inclusion of defense costs within the ambit of the indemnity agreement; and the finding that Teledyne was solidarily liable with Oil Well.

### Timeliness of Oil Well's Claims

■ The district court allowed Chevron to file a motion for summary judgment, granted the motion, but deferred the question of amount to allow the parties an opportunity to reach an agreement. The judgment was only partial, the court reserving jurisdiction over the unresolved issues. "An order of a district court granting partial summary judgment which leaves claims to be adjudicated may constitute a final order 'only upon an express determination that there is no just reason for delay and upon an express determination for the entry of judgment'." *Eudy v. Motor Guide, Herschede Hall Clock Co.,* 604 F.2d 17, 18 (5th Cir. 1979), Fed.R.Civ.P. 54(b), *Gonzales v. Texas Employment Commission,* 563 F.2d 776, 777 (5th Cir. 1977). There was no rule 54(b) certification rendering the judgment final in the instant case. Oil Well's cross claims, filed three months after the partial summary judgment, were filed while the matter was still within the jurisdiction of the district court. The motion was timely filed. The contention of Teledyne that Oil Well was not a party to the action is devoid of merit. Oil Well was brought in as a third party defendant. Its attorney was present throughout the trial of the main demand.

### The Motions For Summary Judgment

The court's rulings on the motions for summary judgment were based on the facts adduced at trial, the findings of the jury and the contracts that existed between the parties. Chevron and Coastal were exonerated of negligence by the jury. The contracts between the parties are clear and unambiguous. There is no dispute over the existence or content of the contracts, only their meaning. A summary judgment may be granted when there is no genuine issue as to material fact. The moving party must show that "there is not the slightest doubt as to the facts and that only the legal conclusion remains to be resolved." *Insurance Co. of No. Amer. v. Bosworth Construction Co.,* 469 F.2d 1266 (5th Cir. 1972); *Clark v. West Chemical Products, Inc.,* 557 F.2d 1155 (5th Cir. 1977). No facts were in dispute. The only question is a legal question. Summary judgment is appropriate.

### The Indemnity Agreement

Oil Well contends it is not responsible for indemnification to Chevron; Teledyne contends the agreement does not extend to personal injury losses. The district court rejected these contentions and allowed recovery for defense expenses, including attorney's fees.

■ The contract between Oil Well and Chevron contains the following language of indemnity:

Contractor (Oil Well) agrees to defend and hold Company (Chevron) indemnified and harmless from and against any loss, expense, claim or demand for:

(a) injury to or death of Contractor's employees ... in any way arising out of or connected with the performance by Contractor of services hereunder...

Company shall have the right, at its option, to participate in the defense of any such suit without relieving Contractor of any obligation hereunder.

This provision is identical to the one presented to us in *Stephens v. Chevron Oil Co.*, 517 F.2d 1123 (5th Cir. 1975), in which, after resorting to Louisiana law for aid in interpretation, we held that "the indemnitee is entitled to recover from the indemnitor the costs and expenses incurred in successfully defending the personal injury suit." 517 F.2d at 1124.

■ In support of its argument, Teledyne refers to one section of its contract with Chevron covering liabilities and claims that arise from violations of "applicable Federal and State laws and regulations." This argument overlooks the section referring to personal injury relied upon by the district judge:

Contractor alone shall be responsible for and shall indemnify and hold Company harmless from and against any damages and claims for ... injury to, impairment of health of, or death of third parties or of employees of Contractor, operator or third parties, arising from Contractor's performance of its obligations under this agreement.

■ The district court correctly found that both Teledyne and Oil Well were obligated to indemnify Chevron. The court likewise correctly found that Coastal was not obligated to Oil Well. The contract between Chevron and Coastal provides:

Owner hereby agrees to defend, indemnify and hold harmless Chevron Oil Co. against ... all claims for damages whether to person or property, and howsoever arising in any way directly or indirectly connected with the possession, navigation, management and operation of the vessel.

In denying Oil Well's claim against Coastal, the district court relied on our decision in *Lanase v. Travelers Ins. Co.*, 450 F.2d 580 (5th Cir. 1971), in which we considered this same language in a similar fac-

tual setting. Cognizant of the jury's finding that the proximate cause of Hobbs's injury was the negligence of Teledyne's crane operator, the district court found no liability on Coastal because "the operation of the crane was not even remotely related to the operation, navigation or management of the vessel." 450 F.2d at 583. There is no error in this ruling.

### Attorney's Fees–Indemnity Expense

■ Under well settled principles of Louisiana law, attorney's fees are not allowed unless specifically provided for by contract or by statute. *Maloney v. Oak Builders, Inc.*, 256 La. 85, 235 So.2d 386 (1970); *Roberie v. Sinclair Refining Co.*, 252 So.2d 488 (La.App.1971); *E. E. Rabelais & Son, Inc. v. United Bonding Ins. Co.*, 226 So.2d 528 (La.App.1969). We very recently recognized this principle of Louisiana law in *Ogea v. Loffland Bros. Co.*, 622 F.2d 186 (5th Cir. 1980). While the indemnity agreements between Oil Well and Chevron and Teledyne and Chevron do not specifically refer to attorney's fees, they do require that Chevron be indemnified for any "loss, expense, claim or demand" (Oil Well) and "damages and claims" (Teledyne). The district court granted Chevron attorney's fees, under these provisions, as part of the expenses incurred in its defense of the suit brought by Hobbs. There is no error in the allowance of recovery of this expense under the circumstances of this case. *Cormier v. Rowan Drilling Co.*, 549 F.2d 963 (5th Cir. 1977); *Loffland Brothers Company v. Roberts*, 386 F.2d 540 (5th Cir. 1967). *See Thibodeaux v. Texas Eastern Transmission Corp.*, 548 F.2d 581 (5th Cir. 1977), citing the seminal decision in *Strachan Shipping Co. v. Koninklyke Nederlandsche S.M. N.V.*, 324 F.2d 746 (5th Cir. 1963).

### Solidary Obligations

■ The district court found Teledyne and Oil Well to be solidary obligors under Louisiana law.[1] This entitled Oil Well to

---

1. Coastal was not a solidary obligor because it was not responsible for indemnification under the terms of its contract and the factual conclusions of the jury.

contribution from Teledyne of one–half the amount of the judgment against it in favor of Chevron. Louisiana Civil Code Article 2091 provides:

> There is an obligation in solido on the part of the debtors, when they are all obliged to do the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them exonerates the others toward the creditor.

There is an obligation in solido when "that which the obligors are bound to do and the obligees have the right to demand is one and the same." Litvinoff, *La. Civil Law Treatise, Obligations Book I* § 21B (1969). Teledyne and Oil Well are both obligated to indemnify Chevron for certain damages and claims. Though the indemnity agreements are contained in different contracts, the obligation and the debt are the same. Chevron elected to seek payment from Oil Well; it could have just as easily pursued its claim against Teledyne. Under the principles of solidary obligations, either is responsible for the whole and "payment by one exonerates the others." Louisiana Civil Code Article 2091.

Oil Well and Teledyne each owe Chevron the entirety of the debt. But as between themselves, each is liable for one–half. Accordingly, one who pays the entire debt may recover one–half of the amount from the other. Louisiana Civil Code Article 2103 provides:

> When two or more debtors are liable in solido, whether such obligation arises from contract or quasi–contract, the debt shall be divided between them. . . .

And as to the right of recovery of one–half the amount paid by one of two solidary obligors, Louisiana Civil Code Article 2161 provides for legal subrogation which "takes place of right. . .

> for the benefit of him who, being bound with others, or for others, for the payment of the debt, had an interest in discharging it."

The district court properly concluded that Oil Well and Teledyne were solidarily liable.

The judgment of the district court is AFFIRMED.

