JONES, Judge.
Third-party defendant, James L. Gray-Offshore, Inc., “Gray-Offshore”, appeals the trial court’s denial of its Motion for Summary Judgment and the court’s granting of defendant/third-party plaintiff, Texaco Inc.’s, Motion for Summary Judgment on its third-party petition for contractual indemnity.
We adopt the statement of facts as it appears in the trial court’s reasons for judgment, to wit:
... On January 17, 1990, the plaintiff, Fletcher L. Thigpen was employed by ART Catering as a galleyhand. On that date, Mr. Thigpen was in the process of receiving groceries from an ART Catering Inc. truck onto the M/V Captain Leo W., when he injured his head, neck and spine. The M/V Captain Leo W. is owned and operated by James L. Gray Inc. Prior to Mr. Thigpen’s alleged accident, James L. Gray was to ferry equipment and/or personnel for Texaco to and from Texaco’s various offshore facilities.
That contract included an indemnity provision, which forms the basis of these motions for summary judgment. The indemnity provision is found in Article 13 of the contract which states:
XIII. Notwithstanding any other provision of this Contract, Contractor (James L. Gray, Inc.), at its own expense, covenants and agrees: (a) to fully defend, protect, indemnify, hold harmless and render whole, Texaco, its employees, agents and person, for whom Texaco is responsible, from and against each and every claim, demand or cause of action, and any liability, cost, expense (including but not limited to reasonable attorney’s fees incurred in defense of Texaco and/or its employees), damage or loss in connection therewith, which may be made or asserted by Contractor, Contractor’s employees or agents, subcontractors, or any third parties (including but not limited to Texaco’s agents, servants, or *496 employees) on account of personal injury or death or property damage, caused by, arising out of or in any way incidental to, or in connection with, the performance of the work hereunder, whether such personal injury or death or property damage was caused by the Contractor’s sole negligence, the concurrent negligence of the Contractor and Texaco or the sole negligence of Texaco, and whether liability for such personal injury or death or property damage with or without fault is imposed on any theory of strict liability by operation of law.
Article 4 of the contract defines the “work hereunder”, and it provides in pertinent part:
Vessels shall be employed solely in the lawful movement of supplies, equipment and other material, and personnel appertaining to Texaco’s operation in the waters of the Gulf of Mexico....
The cross-motions for summary judgment were filed by defendants Texaco, Inc. and Gray-Offshore in response to plaintiff’s personal injury action. The trial court denied Gray-Offshore’s Motion for Summary Judgment and granted Texaco’s. It is from this judgment that Gray-Offshore appeals.
Gray-Offshore argues that the claim for which indemnity is sought is outside the scope of the indemnity agreement. Gray-Offshore argues that the court failed to focus on the role of Texaco’s grocery box as the cause of Mr. Thigpen’s injury. Gray-Offshore submits that at no time did its crew have any responsibility with respect to the grocery box other than to move it between the offshore location and the inshore location. Its crew did not load the box onto or off of the vessel, that was done by Texaco’s personnel. Its crew had no responsibility in supervising the loading of the grocery box, that was done by Arts Catering, plaintiff’s employer. Most importantly, Gray-Offshore argues that its crew had no responsibility, or opportunity, to inspect or clean the inside of the grocery box. Whenever the grocery box was not in use, it stayed on Texaco’s platform, under Texaco’s control.
The trial court wrote in its reasons for judgment:
... this Court reads the present indemnity provision to require James L. Gray Inc. to defend and indemnify Texaco whether Mr. Thigpen’s accident was caused by James L. Gray’s sole negligence, the concurrent negligence of James L. Gray and Texaco or the sole negligence of Texaco. This Court also notes that the United States Fifth Circuit Court of Appeals has consistently upheld and enforced similarly worded indemnity provisions.
The cases the trial court relied on were Theriot v. Bay Drilling Corp., 783 F.2d 527, 540-41 (5th Cir.1986); Fontenot v. Mesa Petroleum Corp., 791 F.2d 1207, 1213 (5th Cir.1986) and Hicks v. Ocean Drilling, 512 F.2d 817 (5th Cir.1975) cert. denied 423 U.S. 1050, 96 S.Ct. 777, 46 L.Ed.2d 639 (1976). The court concluded that a contract for marine transportation service to ferry equipment and personnel to and from offshore facilities encompasses the loading and unloading of groceries to be transported to such offshore facilities. Since the ferrying of groceries to offshore installations is a common activity and one that was reasonably anticipated by the parties, Texaco is entitled to indemnification pursuant to the contract for marine transportation service.
The trial court went on to distinguish Lanasse v. Travelers Insurance Co., 450 F.2d 580, 583-84 (5th Cir.1972) cert. denied 406 U.S. 921, 92 S.Ct. 1779, 32 L.Ed.2d 120 (1972) and Smith v. Tenneco Oil Co., Inc., 803 F.2d 1386, 1388 (5th Cir.1986). In La-nasse, supra the court concluded that the indemnity covenant was “too loose”, lacking concreteness and specificity. Where plaintiff, a crew member of a chartered vessel, was injured as a result of the negligent operation of a crane by the charterer’s crane operator, the court absolved the vessel from liability. Smith, supra, followed Lanasse, supra, and Hobbs v. Teledyne Movible Offshore, Inc., 632 F.2d 1238 (5th Cir.1980) in which the courts refused to *497 enforce an negligence from which the claim arose, the third-party fault of a crane operator, was without the scope of its language. Nor is Wilson v. Job, Inc., 958 F.2d 653 (5th Cir.1992) analogous to the instant case. In Wilson, supra, plaintiffs injury arose from the drilling operations rather than from the transportation work of the vessel.
Gray-Offshore argues that the case law suggests that the acts of loading and unloading are not part of the work of the vessel and argues that the contract only contemplates claims which arise from the transport of supplies and persons. The clear language of the contract defies such an interpretation. Loading and unloading groceries certainly “arises out of” or is “incidental to” the movement of supplies and personnel. Under that language Texaco is entitled to indemnity from Gray-Offshore.
Furthermore, we find no error in the trial court’s denial of Gray-Offshore’s Motion for Summary Judgment. Gray-Offshore’s arguments suggest that there are disputed issues of material fact. Gray-Offshore concedes that plaintiff was injured while lifting groceries and only speculates that plaintiff slipped on a wet surface. Gray-Offshore submits that inspection and maintenance of the grocery box was Texaco’s responsibility because the grocery box was in Texaco’s custody. Texaco contests these allegations. These are issues that can be litigated at trial.
For the foregoing reasons, the trial court’s judgment is affirmed.

AFFIRMED.