United States Court of Appeals,
Fifth Circuit.

No. 93-4893.

Felix J. CAMPBELL, Jr., et al., Plaintiffs,

v.

SONAT OFFSHORE DRILLING, INC., Defendant.

UNION TEXAS PETROLEUM CORP., Third Party Plaintiff-Appellee,

v.

FRANK'S CASING CREWS & RENTAL TOOLS, INC., et al., Third Party Defendants-Appellants.

Aug. 3, 1994.

Appeal from the United States District Court for the Western District of Louisiana.

Before WOOD,[1] SMITH and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

Adjudged to owe indemnity to Appellee (Union Texas Petroleum), and a third party (Sonat Offshore Drilling Company), Appellants (Frank's Casing Crews and its insurers) have cross claims against Appellee as an alleged coindemnitor liable for contribution on the obligation to the third party. The district court summarily dismissed the cross claims. We affirm.

I.

The plaintiff, an employee of third-party defendant/cross claimant Frank's Casing Crews and Rental Tools, was injured while transferring onto defendant Sonat Offshore Drilling's jack-up

---

[1]Circuit Judge of the Seventh Circuit, sitting by designation.

1

drilling vessel on the outer continental shelf.  Defendant Union Texas Petroleum (UTP) had chartered the vessel and had a drilling contract with Sonat (the "UTP/Sonat contract"), in which UTP agreed to defend and indemnify Sonat against claims such as plaintiff's.[2] UTP dutifully undertook the defense of Sonat, and, on behalf of itself and Sonat, impleaded the plaintiff's employer, Frank's.

UTP had engaged Frank's to provide casing supplies and services on the vessel via a contract (the "UTP/Frank's contract") under which Frank's promised to indemnify UTP and its contractors—including Sonat—for personal injury to Frank's employees.  This Court previously enforced Frank's indemnity obligation under the UTP/Frank's contract, affirming a ruling requiring Frank's to defend and indemnify Sonat and UTP.  *Campbell v. Sonat Offshore Drilling, Inc.,* 979 F.2d 1115 (5th Cir.1992) ("*Campbell I* ").

Frank's and its insurers, certain Underwriters at Lloyds, have now filed cross claims for contribution against UTP for any amount adjudged owed to Sonat by Frank's in indemnity. Appellants' cross claims seek a declaration that UTP was a coindemnitor of Sonat based on the UTP/Sonat contract (under which UTP has been providing a defense to Sonat).  Stated another way, Appellants effectively contend that they owe only contribution, not full

---

[2]UTP promised to "defend, indemnify, and hold [Sonat] harmless from and against all claims, demands and causes of action of every kind and character without limit and without regard to the cause(s) thereof ... arising in connection herewith, for injury to ... employees of [UTP's] other contractors."  UTP/Sonat contract, para. 23.6.

indemnity, to UTP for UTP's indemnity obligation to Sonat.  On cross motions for summary judgment, the court granted UTP's motion for summary dismissal of Frank's and Underwriters' cross claims. Frank's and Underwriters appeal.[3]

## II.

Frank's and Underwriters (jointly "Appellants") claim that UTP is jointly liable for the indemnity Frank's owes Sonat, as evidenced by UTP's acknowledged obligation to indemnify Sonat under the UTP/Sonat contract.  Appellants contend that as coindemnitors Frank's and UTP are solidarily obligated to Sonat but, as between themselves, each is liable for only half, relying on *Hobbs v. Teledyne Movible Offshore, Inc.,* 632 F.2d 1238, 1241 (5th Cir. Unit A 1980).

Appellants' reliance on *Hobbs* is misplaced.  *Hobbs* applied the former Louisiana Civil Code articles on contribution among solidary obligors to two indemnitors who each agreed to indemnify Chevron in separate contracts with Chevron.  By contrast Frank's and UTP did not each contract with Sonat.  In the UTP/Frank's contract Frank's

---

[3]We agree with the parties that we have appellate jurisdiction.  This Court has jurisdiction over an appeal from an "[i]nterlocutory decree[ ] ... determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed."  28 U.S.C. § 1292(a)(3).  The interlocutory order in this admiralty case determines the "rights and liabilities" of UTP vis a vis Frank's and Underwriters by dismissing Frank's and Underwriters' cross claims for coindemnity from UTP.  *See Gloria Steamship Co. v. Smith,* 376 F.2d 46, 47 (5th Cir.1967) (dismissal of petition for impleader was appealable interlocutory order); *cf. Hollywood Marine, Inc. v. M/V Artie James,* 755 F.2d 414 (5th Cir.1985) (no interlocutory appellate jurisdiction over order *refusing to dismiss* claim against insurer).

3

agreed to indemnify and hold UTP harmless "for injury to ... [Frank's] employees, whether or not caused by the sole or concurrent negligence of Seller [Frank's] or Buyer [UTP]." UTP/Frank's contract para. 12(a). The UTP/Frank's contract also includes as indemnitees contractors engaged by UTP, such as Sonat. *Id.,* para. 12(d). Thus in the UTP/Frank's contract Frank's agreed to indemnify both UTP *and Sonat* "for injury to [Frank's] employees." Application of *Hobbs* would overlook the fact that Frank's duty to indemnify Sonat flows from its contract with UTP.

Frank's also relies on *Corbitt v. Diamond M. Drilling Co.,* 654 F.2d 329 (5th Cir. Unit A Aug. 1981). Corbitt's employer, Sladco, argued (like Frank's herein) that its obligation to indemnify Shell "against all claims ... on account of personal injury" did not require it to reimburse for amounts Shell owed on account of Shell's own agreement to indemnify Diamond M. *Id.* at 333. Frank's maintains that because UTP independently contracted to indemnify Sonat, Frank's need not reimburse UTP for UTP's own contractual obligation to Sonat.

The *Corbitt* court accepted Sladco's similar argument, but, notably, Sladco had not agreed with Shell to indemnify both Shell and Diamond M.[4] By contrast, Frank's agreed with UTP to indemnify

---

[4]A provision in an indemnity agreement adding a subcontractor as indemnitee has been interpreted as providing indemnity of another's contractual indemnity exposure in *Foreman v. Exxon Corp.,* 770 F.2d 490, 498 n. 13 (5th Cir.1985) (by implication) (discussing *Mills v. Zapata Drilling Co.,* 722 F.2d 1170 (5th Cir.1983), *overruled on other grounds, Kelly v. Lee's Old Fashioned Hamburgers, Inc.,* 908 F.2d 1218, 1221 (5th Cir.1990)). We do not consider the indemnity provision herein broad enough to indemnify against contractual obligations,

both UTP and Sonat. Frank's cannot insulate itself from paying its full indemnity obligation on the basis that UTP's liability to Sonat is contractual. *See Lirette v. Popich Bros. Water Transport, Inc.,* 699 F.2d 725 (5th Cir.1983). In *Lirette,* both Otto Candies and Popich had been adjudged liable to indemnify Exxon: Candies, because of its contract with Exxon; and Popich, because of its agreement with Candies to indemnify both Candies and Exxon. Candies, like UTP in *Campbell I,* sought indemnity from Popich.

Like Appellants, Popich argued that it was insulated from indemnifying Candies for any payments to Exxon based on Candies' contractual obligation to Exxon. The Court noted, first, that Popich undertook to indemnify not only Candies but Exxon as well. In Candies' claim against Popich, the Court explained,

> Popich was not, as in *Corbitt,* being subjected to a liability arising from and imposed by a completely separate contract between two outsiders. Rather, it was called upon to make good its contractual obligation to hold Candies (and Exxon) harmless from claims, suits or damage "arising out of, or in any way connected [with] the operation of the vessel under this charter." Popich's obligation to reimburse Candies for amounts due Exxon arose, not because of the separate agreement Candies had with Exxon, but because of Popich's express undertaking to make good to Exxon all such losses. Candies['] acting as a conduit did not alter that obligation.

---

despite the inclusion of Sonat as an indemnitee. *Compare Corbitt,* 654 F.2d at 333 (finding no intent to indemnify against contractual obligations in Sladco-Shell agreement to indemnify "against all claims, suits, liabilities and expenses on account of personal injury") *with* UTP/Frank's contract, para. 12(a) (indemnifying "for injury to [Frank's] employees"). The promise to indemnify against personal injuries is plainly intended to encompass tortious, not contractual, injuries. Accordingly, we disagree with the district court's holding that Frank's expressly agreed to indemnify UTP for UTP's contractual obligations to Sonat. We reach the same result, however, as we also conclude that Frank's contribution claim fails.

699 F.2d at 728.  Similarly, Frank's duty to indemnify UTP fully for amounts UTP owes Sonat for the plaintiff's claims arises from Frank's express undertaking to indemnify both UTP and Sonat such losses.  The *Corbitt* argument fails.

## III.

Frank's and Underwriters have not demonstrated that reversible error occurred.  The judgment of the district court is

AFFIRMED.