JiPLOTKIN, Judge.
Defendant Canal Marine Repair Inc. (CMR) appeals a trial court judgment granting a motion for summary judgment in favor of defendant Lash Marine Services Inc. (LMS). The sole issue is whether the indemnity provision of the “Contract for Refurbishing of Lash Barges” between the two parties requires CMR to indemnify LMS even without a determination of liability on the part of CMR. The trial court found that the contract did require CMR to indemnity LMS, regardless of fault on the part of CMS. For the reasons which follow, we reverse.

Facts

This controversy was initiated when plaintiff Daniel M. Wolfe, a paint inspector employed by Ameron Marine Coatings, Inc., filed suit seeking recovery for damages allegedly sustained in the course and scope of his employment when he fell while descending a ladder on a barge owned by LMS which was being refurbished by CMR under the aforementioned contract for refurbishing of lash *900 barges. Both CMR and LMS were named as defendants in the suit, as was Industrial Maintenance Coating Contractors Inc. (IMCC), which also had representatives working on the barge at the time of Wolfe’s injury. Thereafter, the plaintiffs filed a second Supplemental and Amending Petition naming American Home Assurance Co. hand Certain Underwriters at Lloyds as defendants; neither of those parties had made an appearance in court at the time the motion for summary judgment was granted.
LMS filed a cross claim against CMR seeking contractual indemnity on the basis of Article X of the contract for refurbishing of lash barges, labelled “Insurance,” which provides, in pertinent part, as follows:
10.1 At all times during which a Barge is under the care, custody, and control of Shipyard, including any transportation or movement of the Barge in a tow arranged by Shipyard, Shipyard, at its expense, shall be fully insured by a standard form shipyard legal liability coverage with underwriters acceptable to LMSI, and Shipyard and its insurer shall indemnify, defend, and save harmless the Barge and its Owner and LMSI from any and all liability, expenses, cost, damages, and losses of any kind arising out of personal injury (including death) or damaged property (including the Barge) occurring in any way, even with LMSI’s negligence[,] which claims include any claim for injury to workmen or third parties and claims for damages to the Barge or Barges themselves caused by fault, neglect, or breach of contractual obligation on part of Shipyard or its agents.
(Emphasis added.)
LMS argues that the above language requires CMR to indemnify it for liability regardless of whether CMR is determined to have been at fault in causing the damages. CMR argues that the last clause of the provision conditions its responsibility to provide contractual indemnity to those situations where it has been determined to have been at fault in causing the damages.
At the hearing on the motion for summary judgment, the trial court allowed LMS to supplement its motion with a letter written to counsel for LMS by Darrin Huck, an adjuster for American Home Insurance, CMR’s insurer. In the letter, Huck noted that American Home had advised counsel for CMR to undertake the defense of LMS. Huck’s letter also clearly indicates that the defense is being provided with a reservation of contractual rights. Following the hearing, the trial court issued written judgment, granting the motion for summary judgment “but only with respect to its crossclaim against CMR.”
The standard of review applicable to this case was explained by the court in Transworld Drilling Co. v. Texas General Resources, Inc., 604 So.2d 586 (La.App. 4th Cir.1992), writ denied 608 So.2d 174 (La.1992), as follows:
|3AppeIlate courts apply a de novo standard of review when considering trial court judgments on motions for summary judgment, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Thus, the appellate court must determine whether “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law.” La.C.C.P. art. 966(B). It follows from the above standard that a motion for summary judgment may be granted only when the mover has proven both of the following elements: (1) no genuine issues of material fact exist, and (2) the mover is entitled to judgment as a matter of law. All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion; all allegations of the party opposing the motion must be taken as true and all doubt must be resolved in his favor. In determining whether the movant has satisfied his burden of showing that no genuine issues of material fact exist and that he is entitled to judgment as a matter of law, documents supporting the movant’s position are closely scrutinized, while the opposing documents are treated indulgently. Granting of the motion may not be based on the court’s *901 belief that the party opposing the motion has little chance of succeeding at trial.
Id. at 589-90 (citations omitted).

Indemnity provision

Considering the record evidence de novo, we find that the trial court improperly granted the motion for summary judgment in favor of LMS. The indemnity clause between the two parties clearly provides that CMR will indemnify LMS only for damages caused by its own “fault, neglect, or breach of contractual obligation,” even if LMS is concurrently negligent. Despite the inclusion of the phrase “with LMSI’s negligence,” the contractual provision clearly provides for indemnity only in the event of a finding of fault on the part of CMR. If an injury is caused at least in part by the “fault, neglect, or breach of contractual obligation” of CMR, CMR is contractually responsible for indemnifying LMS, even if LMS is also responsible. The provision cannot be interpreted to require CMR to provide indemnity when LMS is at fault and when CMR is not at fault, as LMS argues. Therefore, the trial court improperly granted the motion for summary judgment.
In granting the motion for summary judgment, the trial court relied heavily on Thigpen v. James L. Gray-Offshore, Inc., 620 So.2d 494 (La.App. 4th Cir.1993), writ denied 626 So.2d 1169 (La.1993), stating in his written reasons for judgment that he found L“no material distinction” between the two cases. Although the facts of the two cases are similar, the two indemnity clauses are materially different. In Thigpen, the indemnity provision provided, in pertinent part, as follows:
Contractor ... covenants and agrees: (a) to fully defend, protect, indemnify, hold harmless and render whole, Texaco ... from and against every claim, demand or cause of action, and any liability, cost, expense ..., damage or loss in connection therewith, which may be made or asserted by Contractor, Contractor’s employees or agents, subcontractors, or any third parties ... on account of personal injury or death or property damage, caused by, arising out of or in any way incidental to, or in connection with, the performance of the work hereunder, whether such personal injury or death or property damage was caused by the Contractor’s sole negligence, the concurrent negligence of the Contractor and Texaco or the sole negligence of Texaco.
620 So.2d at 495 (emphasis added). Because the above provision, which clearly provides indemnity even if the contractor is not itself determined to be at fault in causing the damages, is materially different from the indemnity provision at issue here, the trial court’s reliance on the result in the Thigpen decision was misplaced.
Because this ease can be decided on the basis of the clear language of the contractual provisions, all other issues raised by the parties are pretermitted.

Conclusion

The trial court judgment granting the motion for summary judgment in favor of LMS and against CMR is hereby reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.