# UNITED STATES COURT OF APPEALS
# FIFTH CIRCUIT

_____

No. 00-41231

(Summary Calendar)

_____

OSCAR SALINAS,

Plaintiff - Appellant,

versus

UNIVERSITY OF TEXAS - PAN AMERICAN; WILL DAVIS, In his individual and official capacity; CHRISTOPER MUNN, In his individual and official capacity; LEE HAMILTON, Dr, In his individual and official capacity; TIM KIKOS, In his individual and official capacity; ADELLE MERY, In her individual and official capacity; CATHI PIPKIN, In her individual and official capacity; ELSA SAETA, In her individual and official capacity; KAREN JO TAYLOR, In her individual and official capacity; RICHARD HYSLIN, In his individual and official capacity; DOUG CUMMINS, In his individual and official capacity; PAMELA MCCURDY, In her individual and official capacity; RAY MCKINLEY WELCH, In his individual and official capacity; SYLVIA DOMINGUEZ, In her individual and official capacity; GLORIA LIND, In her individual and official capacity; NORMA PEREZ; MIGUEL NEVAREZ, In his individual and official capacity; RUDOLPH GOMEZ, Dr, In his individual and official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Southern District of Texas
Dist. Ct. No. M-99-CV-197

_____

July 18, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM[*]:

Oscar Salinas ("Salinas") filed suit against the University of Texas-Pan American ("UT-PA") and numerous individuals, most of whom he sued both in their individual and official capacities.[1] His claims against the defendants arise out of what Salinas alleges was his wrongful termination as a lecturer at UT-PA. The defendants filed a motion to dismiss. The district court granted that motion in part, finding that Salinas's claims against UT-PA and the individual defendants in their official capacities were barred by the Eleventh Amendment. The district court also dismissed Salinas's 28 U.S.C. § 1983 claim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The district court denied the defendants' motion to dismiss as to the remaining claims brought against the individuals defendants qua individuals. Salinas appeals from the district court's partial grant of the defendants' motion to dismiss.

We have jurisdiction over appeals from "final decisions by the district courts." 28 U.S.C. § 1291. Where an action involves multiple claims and/or multiple parties, as is the case here, an order dismissing some of the defendants and/or some of the claims is only final where the district court has made "an express determination that there is no just reason for delay and [] an express direction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Specifically, Salinas named the following persons as defendants individually and in their official capacities: Will Davis, Christopher Munn, Dr. Lee Hamilton, Tim Kikos, Adelle Mery, Cathi Pipkin, Elsa Saeta, Karen Jo Taylor, Richard Hyslin, Doug Cummins, Pamela McCurdy, Ray McKinley Welch, Sylvia Dominguez, Gloria Lind, Miguel Nevarex, Dr. Rudolph Gomez. All of these defendants are or were at times relevant to the lawsuit employees of the UT-PA. These defendants together with the UT-PA are hereinafter collectively referred to as the defendants. Additionally, Salinas brought suit against Norma Perez, the former manager of the apartment complex where Salinas resided. This appeal does not concern Salinas's causes of action against Perez.

the entry of judgment." Fed. R. Civ. P. 54(b). Here, the district court dismissed a single cause of action and certain defendants, but left intact a number of Salinas's claims against other defendants. The district court did not enter an express determination that there was "no just reason for delay" nor did it direct the entry of final judgment. In the absence of the requisite Rule 54(b) determination and direction, and because we find that no other exceptions to the final judgment rule are present, we conclude that we are without jurisdiction over this appeal. *See Borne v. A&P Boat Rentals No. 4, Inc.*, 755 F.2d 1131, 1133 (5th Cir. 1985) (where the district court does not certify judgment "on fewer than all of the claims asserted," that judgment may not be appealed "absent a recognized exception to . . . § 1291."); *Bondeloche v. TNEMEC Co.*, 693 F.2d 546, 547 (5th Cir. 1982) ("Any appeal from a decision adjudicating a portion of a case that is not accompanied by a Rule 54(b) certificate must be dismissed for want of jurisdiction."); *see also Thompson v. Betts*, 754 F.2d 1243, 1246 (5th Cir. 1985) (grant of dismissal based on finding of immunity does not fall within exception to final judgment rule); *Eudy v. Motor-Guide, Hersheded Hall Clock Co.*, 604 F.2d 17, 18 (5th Cir. 1979) (no appellate jurisdiction where district court dismissed one claim in multiple claim action).

Accordingly, we DISMISS Salinas's appeal for lack jurisdiction.