Evangelina G. GONZALEZ et al.,
Plaintiffs-Appellants.

v.

TEXAS EMPLOYMENT COMMISSION
et al., Defendants-Appellees.

No. 77–2004
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 23, 1977.

George P. Powell, Texas Rural Legal Aid, Inc., Edinburg, Tex., for plaintiffs-appellants.

John L. Hill, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Martha E. Smiley, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before GOLDBERG, RONEY and FAY, Circuit Judges.

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

PER CURIAM.

Ms. Gonzalez, plaintiff-appellant, filed a class action against the Texas Employment Commission et al., challenging the Commission's unemployment compensation policy as it relates to women in the last trimester of pregnancy and in the first six weeks after giving birth. On January 24, 1977, the district court granted partial summary judgment in favor of Ms. Gonzalez. While withholding judgment on the amount of damages to which Ms. Gonzalez was entitled, the court granted the plaintiff's prayer for a declaration that the challenged policy violated the fourteenth amendment. The court, however, also denied Ms. Gonzalez' request for certification of her suit as a class action. Ms. Gonzalez appeals from this denial of class action status.

We must dismiss the appeal for lack of jurisdiction. So far as appears in the record, the district court has never entered judgment on Ms. Gonzalez' claim for damages although the parties have by now stipulated the amount to which she is entitled. Thus, the order from which Ms. Gonzalez takes her appeal has not determined all the claims in the case and would not ordinarily be appealable absent a Rule 54(b) certification from the district court. *See Hardin v. M/V Ben Candies*, 549 F.2d 395 (5th Cir. 1977). While our cases demonstrate that denials of class action status are sometimes appealable even absent Rule 54(b) certification by the district court, *Jones v. Diamond*, 519 F.2d 1090, 1095–97 (5th Cir. 1975); *see generally* 7A C. Wright & A. Miller, Federal Practice and Procedure § 1802 (1972 and Pocket Part 1977), the general rule is one of non-appealability. *Jones v. Diamond, supra*, 519 F.2d at 1095 and cases cited therein. The appellant, upon whom the burden to show jurisdiction rests, *Jelfo v. Hickok Mfg. Co.*, 531 F.2d 680, 681 (2d Cir. 1976), has not demonstrated the applicability of any of the exceptions to this general rule.

We, of course, intimate no view on question of whether class status was properly denied in this case. The appeal is

DISMISSED.