SECURITIES AND EXCHANGE COMMISSION, Plaintiff-Appellant,

v.

INDEPENDENCE DRILLING CORPORATION et al., Defendants-Appellees.

No. 77–1472.

United States Court of Appeals, Fifth Circuit.

May 22, 1979.

Kathryn B. McGrath, Assoc. Gen. Counsel, Harvey L. Pitt, Gen. Counsel, Paul Gonson, Assoc. Gen. Counsel, James H. Schropp, Asst. Gen. Counsel, Sammy S. Knight, Atty., Securities & Exchange Comm., Washington, D. C., for plaintiff-appellant.

Lee M. Simpson, Dallas, Tex., John E. Skogland, Jr., San Antonio, Tex., for Temp., Continental, & Div.

Before AINSWORTH and VANCE, Circuit Judges, and BOOTLE,* District Judge.

AINSWORTH, Circuit Judge:

This appeal involves review of an order entered by the district court directing the Securities and Exchange Commission to pay the fees and expenses of a receivership initiated on the SEC's motion where assets of the corporate defendants were insufficient to defray the costs of the receivership. Since an award of costs against an agency of the United States is contrary to the doctrine of sovereign immunity and to express statutory command, we reverse.

On September 10, 1976 the SEC instituted an action under various provisions of the securities laws against several individual and corporate defendants alleging fraud in the sale of interests in oil- and gas-producing properties in Texas. The Commission sought an injunction and the immediate appointment of a receiver to preserve the remaining assets of the corporate defendants for the benefit of defrauded investors. In response to the district court's inquiries concerning the availability of assets to support the receivership the SEC indicated its belief that there were adequate assets and revenues to cover the costs of a receivership. With some misgivings in that regard the district court appointed a receiver on October 12, 1976.

About six weeks later, on November 30, the district court held a hearing at which the receiver reported that there were few available assets and that the corporate defendants currently had no rights to income from the properties they had formerly operated. The court decided to terminate the receivership as of December 10, 1976. On December 16, without notice to the SEC or an opportunity to be heard, the district court *sua sponte* entered an "Order Imposing Sanctions" directing the SEC to pay the fees and expenses incurred by the receiver and his employees. The court based this order on its inherent equitable powers concluding that an award of costs against the SEC was appropriate because the receiver had been appointed on the SEC's motion and pursuant to the SEC's estimation concerning the availability of funds. The order directed that "the receiver, and such employees who choose to do so, shall submit their fees and expenses to the Commission and they shall be paid immediately." The order provided, however, that the SEC could within ten days request a hearing on the reasonableness of the fees and expenses submitted. The receiver and his employees subsequently submitted bills totaling $29,000 to the SEC, while two of the law firms that had done work for the receivership informed the SEC that they would not seek payment for $14,000 in services supplied by them. Thus the total expenses of the receivership amounted to at least $43,000.

On January 5, 1977 the SEC filed a motion to vacate the December 16 order or for an evidentiary hearing and an opportunity to conduct discovery. In an order dated February 17, 1977 the district court denied the motion to vacate and directed the SEC to pay the submitted fees and expenses within ten days. The SEC filed notice of appeal on February 25.

On appeal the Commission challenges the authority of the district court to impose the costs of a receivership on an agency of the United States in the absence of statutory authorization and contrary to express statutory command. Before discussing the merits of this claim we resolve a procedural dispute. The appellee receiver contends that the SEC failed to file a timely notice

* District Judge of the Middle District of Georgia, sitting by designation.

of appeal from the district court's order of December 16. In fact, the SEC has appealed the order of February 17 denying the motion to vacate and directing the SEC to pay the fees and expenses submitted. The question is whether the December 16 order represented a final decision of the district court that could or should have been appealed by the Commission or whether the first appealable order in this case was the February 17 order denying the SEC's motion for a hearing and finally directing the SEC to pay the amounts of the bills submitted by the receiver and his employees.

The appellate jurisdiction of this court is limited to final decisions of the district court. 28 U.S.C. § 1291 (1976); see, e. g., Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Catlin v. United States, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945); 9 Moore's Federal Practice ¶¶ 110.06 to 110.-13 (1975). We find that under the circumstances the December 16 order was insufficiently definite to constitute a final decision. The order fixed no sum for which the SEC was to be liable; indeed, as the court had entered the order sua sponte it was not clear whether any bills would be submitted or what the nature or amount of the bills might be. Moreover, the order on its face contemplated further proceedings before the SEC's ultimate obligations regarding the costs of the receivership became fixed. Therefore, the February 17 order directing the SEC to pay the bills actually submitted was the first appealable order in the case and the notice of appeal was timely filed.

With respect to the merits of the appeal, there is no statutory authority or judicial precedent which empowers a district court to assess the costs of a receivership against the SEC, an agency of the United States. On the contrary, section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v (1976), and section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa (1976), specifically provide, in identical language, that "[n]o costs shall be assessed for or against the Commission in any proceeding under this title brought by or against it in the Supreme Court or such other courts." These provisions merely represent statutory recognition of the traditional doctrine of sovereign immunity which prohibits the assessment of damages, fees or costs against the Government without its consent. See, e. g., United States v. Testan, 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976); United States v. United States Fidelity and Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940). Accordingly, the order directing the SEC to pay the fees and expenses of the receivership is

REVERSED.