**RELIANCE INSURANCE COMPANY,**
Plaintiff-Appellant,

v.

**Ray LUKE et al., Defendants-Appellees.**

No. 79–1446
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 20, 1979.

Henry C. Custer, Albany, Ga., for plaintiff-appellant.

Twitty & Twitty, Jack G. Slover, Jr., Camilla, Ga., for defendants-appellees.

Before GOLDBERG, RONEY and TJOFLAT, Circuit Judges.

PER CURIAM.

The appeal in this case must be dismissed as premature; we are without jurisdiction because the district court has not yet issued a final order "which ends the litigation and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed.2d 911.

Reliance Insurance Company (Reliance) brought this interpleader action to determine its liability to various claimants on three statutory warehouse bonds it had issued to guarantee the performance of Walker's, Inc. (Walker's), as a warehouseman. On cross motions for summary judgment, the district court entered "partial summary judgment as to some claims and issues." Among the claims partially resolved was that of Ray and W. D. Luke. The court determined that Reliance was liable to the Lukes for the sum of $15,611.07 because of Walker's conversion of cotton belonging to the Lukes. The court granted judgment in favor of several other claimants, however, and the total amount of the claims exceeded the amount of Reliance's obligation on its three bonds. Thus, the district court found, there "remain[ed] to be determined to what extent some or all of the claims must be prorated. In that regard it is necessary to establish the particular bond against which each claim will be assessed." For this purpose, there remained to be decided "the precise date upon which Reliance's liability arose as to each of these claimants."

Under these circumstances, the district court has not entered a final, appealable order as required by 28 U.S.C.A. § 1291 (West 1966); nor has it certified this appeal pursuant to Fed.R.Civ.P. 54(b). Thus, we lack jurisdiction over the appeal. *See S.E.C. v. Independence Drilling Corp.,* 595 F.2d 1006, 1008 (5th Cir. 1979); *Gonzalez v. Texas Employment Commission,* 563 F.2d 776, 777 (5th Cir. 1977).

DISMISSED.

* Fed.R.App.P. 34(a); 5th Cir.R. 18.