**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 97-60437

(Summary Calendar)
_____

GEORGE DUNBAR PREWITT, JR, in his own right
and on behalf of his minor son, R.A.P., Ex
Relator State of Mississippi,

Plaintiff-Appellant,

versus

CITY OF GREENVILLE, MISSISSIPPI; MIKE MOORE,
Mississippi Attorney General,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi

December 4, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

George Dunbar Prewitt, Jr., appeals the district court's order
directing him to retain counsel or suffer dismissal of this suit
without prejudice.  We dismiss two of the issues he raises for lack
of appellate jurisdiction and affirm as to the one matter we can
review.

Prewitt, an attorney, brought numerous lawsuits *pro se* in the

United States District Court for the Northern District of Mississippi ("Northern District"). In response, Judge Neil Biggers, Jr., entered a sanctions order, "endorsed by all members of the court, [that] barr[ed] . . . Prewitt . . . from filing any new actions in . . . [the Northern District] without obtaining prior court approval."[1] We affirmed. *See Prewitt v. Alexander,* No. 96-60220 (5th Cir. 1997) (per curiam) (unpublished opinion).

Prewitt filed this civil action *pro se* in state court after Judge Biggers entered the sanctions order. The City of Greenville and Attorney General Moore removed to the Northern District. Eventually, the case arrived on Judge Biggers' docket. Judge Biggers then entered an order announcing that he would dismiss without prejudice if Prewitt failed to retain counsel within thirty days.[2]

Prewitt appealed Judge Biggers' latest order.[3] In his appeal, he called for remand to state court based on a failure to plead standing in the notice of removal and the Eleventh Amendment. He

---

[1] We disagree with Prewitt that his right of access to federal court was "permanently foreclosed" by the sanctions order. *Cf. Martin v. Scott,* ___ F.3d ___, ___ n.2, 1998 WL 650992, at *2 n.2 (5th Cir. 1998) (rejecting the contention that the screening procedure established in 28 U.S.C. § 1915A restricts the constitutional right of access to federal court).

[2] Prewitt apparently neither tried to learn about the sanctions order's impact on this case nor attempted to comply with the sanctions order during the five months or so that passed between removal and the entry of Judge Biggers' order.

[3] In their brief, Greenville and Moore report that this "case has not been dismissed" and that "[t]he record does not reflect any advocate has entered an appearance" on Prewitt's behalf.

also contended that the removal violated his right of access to Mississippi's courts. Finally, he maintained that forcing him to hire an attorney to avert dismissal was an affront to his right to self-representation.

We initially consider our jurisdiction to hear Prewitt's appeal. Prewitt bears the burden of establishing appellate jurisdiction. *See Gonzalez v. Texas Employment Comm'n,* 563 F.2d 776, 777 (5th Cir. 1977). He asserts that the collateral order doctrine provides us with jurisdiction. Under the collateral order doctrine, we may exercise jurisdiction over "appeals of non-final judgments 'that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action.'"[4] *Carter v. Fenner,* 136 F.3d 1000, 1004 n.7 (5th Cir. 1998).

Prewitt's jurisdictional argument partly succeeds. We are persuaded that his charge of a denial of the right to proceed *pro se* comes within the collateral order doctrine. *See Devine v.*

---

[4] In his initial brief, Prewitt identifies the collateral order doctrine as the basis for appellate jurisdiction. However, in his reply brief, he offers further jurisdictional bases. He contends that Judge Biggers' order is subject to appellate review as a modification of an injunction. *See* 28 U.S.C. § 1292(a)(1). He also posits that Judge Biggers' order was immediately appealable as a final order because it disbarred him unconditionally. *See id.* § 1291. We refuse to consider these additional jurisdictional arguments because Prewitt was obliged under Federal Rule of Appellate Procedure 28 to state the basis for appellate jurisdiction in his initial brief. *See* FED. R. APP. P. 28(a)(2). *But cf.* 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2974.3 (2d ed. 1996) (recognizing that an argument relating to subject matter jurisdiction may be raised for the first time in a reply brief).

*Indian River County Sch. Bd.,* 121 F.3d 576, 578-81 (11th Cir. 1997) (holding denial of motion to proceed *pro se* to fall within the collateral order doctrine); *C.E. Pope Equity Trust v. United States,* 818 F.2d 696, 697 (9th Cir. 1987) (deeming a claim of a violation of the right to self-representation to come within the collateral order doctrine); *O'Reilly v. New York Times Co.,* 692 F.2d 863, 866-67 (2d Cir. 1982) (finding denial of motion to proceed *pro se* appealable under the collateral order doctrine); 15B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE, § 3914.21 (2d ed. 1992) (supporting application of the collateral order doctrine to denials of motions to proceed *pro se*).  We, however, cannot say the same as to the other two issues Prewitt raises.  Prewitt offers no discussion to support finding the collateral order doctrine applicable to his challenges to the removal's propriety.  *See* FED. R. APP. P. 28(a)(2) (requiring more than a bare statement on the basis of appellate jurisdiction in the appellant's initial brief); *see also* 16A WRIGHT ET AL., *supra* (describing the statement of appellate jurisdiction in the appellant's initial brief as "elaborate").  As to the claim that the removal interfered with the right of access to state court, the decision on which Prewitt relies, *Newman v. Graddick,* 696 F.2d 796, 800 (11th Cir. 1983), holds the collateral order doctrine to encompass orders denying press access to ongoing litigation; *Newman* evinces silence as to whether or not orders infringing on the right of access to state

-4-

court may be appealed under the collateral order doctrine.

We now turn to the merits of the issue over which we have jurisdiction. Prewitt maintains that conditioning the prosecution of this case on him retaining a lawyer, as Judge Biggers did, contravened his right to proceed *pro se* under the Mississippi Constitution. Article 3, Section 25, of the Mississippi Constitution provides: "No person shall be debarred from prosecuting or defending any civil cause for or against him or herself, before any tribunal in the state, by him or herself, or counsel, or both." MISS. CONST. art. 3, § 25; *see also Bullard v. Morris,* 547 So.2d 789, 790 (Miss. 1989) ("[I]t is without question that the Mississippi Constitution permits a person to represent himself, *pro se,* in a civil proceeding."). In Prewitt's view, this state constitutional guarantee precluded restricting his federal right to proceed *pro se* in a removed case, such as this one. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").

We find no merit to Prewitt's argument. The right to self-representation under the Mississippi Constitution loses effect upon a suit's removal to federal court. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 423, 437, 94 S. Ct. 1113, 1123, 39 L. Ed.

2d 435, ___ (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings . . . ."). We, therefore, find that Judge Biggers' order did not deprive Prewitt of his right to self-representation under the Mississippi Constitution.

We hold that the order directing Prewitt to retain counsel or suffer dismissal without prejudice did not violate the right of a civil litigant under the Mississippi Constitution to proceed *pro se.* Accordingly, we AFFIRM Judge Biggers' order. We DISMISS all other questions presented by Prewitt for lack of jurisdiction.