IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60266
Summary Calendar
_____

GEORGE DUNBAR PREWITT, JR, in his
own right and on behalf of his minor
son RAP, Ex Relator State of Mississippi,

                                        Plaintiff-Appellant,

versus

CITY OF GREENVILLE, MISSISSIPPI; MIKE
MOORE, Mississippi Attorney General,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(4:97-CV-11-B-D)

_____

November 16, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Prewitt filed this suit in Mississippi state court alleging violations of state and federal law. The defendants-appellees removed this case to the district court on the ground that Prewitt asserted claims arising under federal law, including an employment discrimination claim and a claim for injunctive relief to alter the eastern boundary of the State of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mississippi. The district court dismissed Prewitt's suit without prejudice.

In one of Prewitt's previous lawsuits, the district court awarded attorney's fees to the adverse party and sanctioned Prewitt. *See Prewitt v. Alexander*, No. 96-60220 (5th Cir. April 28, 1997)(per curiam), *cert. denied*, 118 S.Ct. 859 (1998). The court's sanctions included barring him from filing any more lawsuits in the Northern District of Mississippi without the court's permission. In the case at bar, the court enforced the sanction by ordering Prewitt to find counsel to represent him within thirty days or face dismissal of his suit. In an interlocutory appeal, Prewitt argued that the order violated his right to self-representation under the Mississippi Constitution, and we affirmed the order. *See Prewitt v. City of Greenville*, 161 F.3d 296, 299 (5th Cir. 1997). When Prewitt failed to comply with the district court's order, the court dismissed the suit without prejudice. Prewitt appeals, arguing that removal was improper, that the application of the sanctions order violates his right to self-representation under 28 U.S.C. § 1654, and that he has been unlawfully denied access to the courts. We AFFIRM.

We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. A dismissal without prejudice may constitute a final judgment for purposes of appeal. *See, e.g.*, *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949). When a district court fully disposes of a plaintiff's claims, the court's order is final even if the dismissal is without prejudice. *See*

2

*Linn v. Chivatero*, 714 F.2d 1278, 1280 (5th Cir. 1983). Since the district court's order disposed of Prewitt's claims, the order was a final one and we have jurisdiction to decide his appeal.

Prewitt challenges the propriety of his suit's removal to federal court. Prewitt alleged, inter alia, employment discrimination in the hiring of attorneys by the City of Greenville in violation of 42 U.S.C. § 2000e et seq. A suit filed in state court that asserts claims arising under federal law may be removed to federal court. *See* 28 U.S.C. § 1441(b). Removal was proper, since Prewitt's complaint asserted claims based on federal law. Prewitt argues that the removal of his case was improper because some of his claims were barred by the 11th Amendment as a result. When removal is based on the assertion of claims arising under federal law, an 11th Amendment bar does not preclude removal. *See Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 389-90 (1998). If any of Prewitt's claims were so barred, removal was still proper.

Prewitt urges that removal was improper because the defendants failed to file a notice of removal with the state court. The failure of the removing party to file a notice of removal in the state court does not defeat the district court's jurisdiction. *See Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 547 (5th Cir. 1985). It is of no consequence that the defendants-appellees did not notify the state court of the removal of the case to federal court until April 24, 1999, after the district court had issued its order.

Prewitt appeals the sanctions order issued in one of his previous lawsuits that effectively barred him from acting as an advocate before the Northern District of Mississippi. Prewitt previously appealed this sanction, and we affirmed district court's order. *See Prewitt v. Alexander*, No. 96-60220 (5th Cir. April 28, 1997)(per curiam), *cert. denied*, 118 S.Ct. 859 (1998). An unpublished opinion is not precedent, "except under the doctrine of res judicata, collateral estoppel or law of the case." 5th Cir. R. 47.5.4. The doctrine of res judicata precludes our revisiting a matter that has previously been resolved by this court. *See Bank One Texas v. United States*, 157 F.3d 397, 404 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1761 (1999). As the issue of the sanction's validity has been decided, we are bound by the decision of the previous panel.

AFFIRMED.