# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 3, 2017

Lyle W. Cayce
Clerk

No. 16-30582
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LARRY DYWAYNE BLUITT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:15-CR-29-1

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Larry Dywayne Bluitt was sentenced to a within-guidelines term of imprisonment following his plea of guilty to one count of transporting a minor in interstate commerce with the intent to engage in prostitution in violation of 18 U.S.C. 2423(a). Bluitt now appeals, contending that the district court erred by finding that the offense "involved the use of a computer or an interactive computer service to . . . entice, encourage, offer, or solicit a person to engage in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prohibited sexual conduct with the minor" for the purposes of applying a two-level enhancement to his offense level pursuant to U.S.S.G. § 2G1.3(b)(3)(B).

"This Court reviews the district court's interpretation and application of the Sentencing Guidelines de novo." *United States v. Pringler*, 765 F.3d 445, 451 (5th Cir. 2014). "Factual findings underlying the district court's application of the Guidelines are reviewed for clear error." *Id.* "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* (quoting *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012)).

In this case, Bluitt transported a 14-year-old girl and another adult woman from Texas to Louisiana for the purpose of engaging in prostitution. Bluitt gave the minor and the woman cellular phones, which they used to place advertisements for prostitution on a website, to receive calls in response, and to arrange meetings with clients. Bluitt would then drive the minor to those meetings. In light of the record as a whole, the district court plausibly found that there was no reason for Bluitt to provide the phone to the minor except to facilitate prostitution. *See id.* at 451. Accordingly, the district court "could conclude that the offense involved the use of a computer to induce third parties to engage in sexual activity with a minor" for the purposes of the § 2G1.3(b)(3)(B) enhancement. *See id.* at 455-56.

AFFIRMED.