# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 2, 2023

Lyle W. Cayce
Clerk

No. 20-11095

United States of America,

*Plaintiff—Appellee*,

*versus*

Julian Moreno Diaz,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:15-CV-73

Before Ho, Oldham, and Douglas, *Circuit Judges*.

Per Curiam:*

Julian Moreno Diaz asked the district court to let him represent himself in his habeas proceeding. The district court denied the request. Because we lack jurisdiction to review that decision, we DISMISS this appeal.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-11095

## I. Background

### A. *The Crime*

In 2007, someone stabbed a man multiple times with a weapon. Eyewitnesses identified that 'someone' as Diaz. Nine days later, police saw Diaz driving a car. They stopped him, searched the vehicle, and found two loaded guns.

Problem was, Diaz was a felon who could not lawfully possess guns or ammunition. *See* 18 U.S.C. § 922(g)(1). Prosecutors thus charged him with being a felon in possession. And because Diaz also had three state convictions for burglary, prosecutors sought an enhanced sentence for him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Diaz pleaded guilty to all offenses. He admitted to unlawfully possessing a firearm as a felon and that he had three prior burglary convictions, making him eligible for a sentence enhancement under the ACCA. The district court accepted the guilty plea and sentenced Diaz to 210 months of incarceration. We affirmed. *See United States v. Diaz*, 286 F. App'x 192, 193 (5th Cir. 2008) (per curiam) (unpublished), *cert. denied*, 129 S. Ct. 748, 748 (2008).

### B. *The Habeas Proceeding*

Fast forward seven years. In 2015, Diaz filed this habeas petition pro se, seeking to vacate his sentence. *See* 28 U.S.C. § 2255. His reason: that trial counsel failed to raise that Diaz "only ha[d] 2-qualifying" burglaries—one short of the three convictions required for an ACCA-enhancement. In reply, the Government admitted one of Diaz's burglaries no longer qualified as a predicate offense under the ACCA but argued that his petition was untimely.

2

No. 20-11095

At Diaz's request, the district court appointed counsel to represent him. But by 2018, Diaz decided he was dissatisfied and tried to replace her. The district court denied the request. And when Diaz moved again to replace her, the court denied that too.

Two years later, the district court denied Diaz's petition on the merits and denied him a certificate of appealability (COA).

Diaz now appeals from the final judgment. Because he did not request a COA in his notice of appeal, we construed the notice as a request for one. *See* FED. R. APP. P. 22(b)(2). After identifying a potential question about the denial of Diaz's right to self-representation, this court denied the request for a COA as unnecessary and ordered the parties to brief the issue.[1]

## II. Discussion

The sole issue before us is whether the district court violated Diaz's right to represent himself. Diaz claims he asserted this right when he moved to replace his counsel. But even if we were to assume that he did so, we cannot review Diaz's challenge because we lack jurisdiction.

Federal courts of appeals are courts of limited jurisdiction. Our jurisdiction is limited to final orders of the district court, as well as certain interlocutory and collateral orders. 28 U.S.C. §§ 1291, 1292; *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). Diaz challenges the district court's 2018 orders denying his request to withdraw counsel. To invoke our appellate jurisdiction, Diaz had two choices. First, he could have appealed the orders under the collateral order doctrine. *See United States v. Davis*, 629 F. App'x. 613, 617 (5th Cir. 2015) (per curiam) (unpublished). Second, he could have appealed the orders with the final judgment. *See*

---

[1] Diaz has not filed a reply brief.

*Diesce-Lisa Indus. v. Disney Enters.*, 943 F.3d 239, 247 (5th Cir. 2019). Neither option is viable.

A. *Diaz Cannot Appeal the District Court's 2018 Orders Under the Collateral Order Doctrine*

Under the collateral order doctrine, we have jurisdiction over "non-final judgments that are conclusive, that resolve important questions completely separate from the merits, and that would render such important questions effectively unreviewable on appeal from final judgment in the underlying action." *Prewitt v. City of Greenville*, 161 F.3d 296, 298 (1998) (citation and internal quotation marks omitted). We previously held that the denial of a habeas petitioner's right to self-representation meets these requirements. *See Davis*, 629 F. App'x. at 617. Citing *Davis*, Diaz argues we may also exercise jurisdiction here.

Not so. To take an appeal under the collateral order doctrine, Diaz needed to comply with "all the usual appellate rules and time periods." *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992) (citations omitted). The rules required Diaz to appeal the 2018 orders within 60 days after the district court entered them. *See* Fed. R. App. P. 4(a)(1)(B)(i). Because he missed this deadline by over two years, Diaz's appeal is not timely. *See Kenyatta v. Moore*, 744 F.2d 1179, 1186 (5th Cir. 1984).

B. *Nor Can He Appeal the Orders as Part of the Final Judgment*

That leaves option two. "[A] party may obtain review of prejudicial adverse interlocutory rulings upon his appeal from adverse final judgment." *Dickinson v. Auto Ctr. Mfg. Co.*, 733 F.2d 1092, 1102 (5th Cir. 1983). That is because we regard "interlocutory rulings . . . as [having] merged into the final judgment terminating the action." *Id.*; *see* 15A Wright & Miller, Fed.

PRAC. & PROC. JURIS. § 3911 (3d ed. 2022). Diaz appears to have tried to do just that: he appealed the final judgment, which the 2018 orders merged into.

If that was all that was required, we would have jurisdiction. But we do not. One hurdle forecloses our review: Diaz does not have a COA.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), a habeas petitioner must first obtain a COA before appealing "the final order" in a habeas proceeding. 28 U.S.C. § 2253(c)(1). Federal courts can issue a COA "only if the [petitioner] has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). A COA is jurisdictional. Without it, we may not "rule on the merits of appeals from habeas petitioners." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

When a petitioner claims his constitutional rights have been violated on direct appeal, this is a straightforward test. But what if the petitioner asserts a statutory right, and not a constitutional one?[2] In that event, we have held "the non-constitutional claims [can] only [be] considered to the extent that they are connected to a claim on which a COA is granted." *Alix v. Quarterman*, 309 F. App'x. 875, 878 (5th Cir. 2009) (per curiam) (unpublished); *see Norman v. Stephens*, 817 F.3d 226, 234 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1201 (2017).

In *Alix*, petitioner challenged the district court's denial of his habeas petition, arguing that the court failed to grant him an evidentiary hearing. 309 F. App'x. at 878. Finding the denial implicated a statutory right, a panel of

---

[2] The Supreme Court has acknowledged this scenario may raise jurisdictional concerns but has yet to address the issue. *See Ayestas v. Davis*, 138 S. Ct. 1080, 1088 n.1 (2018) (there is an open question about whether the court of appeals has jurisdiction to consider an appeal from the final order in a habeas proceeding where petitioner raises statutory issues but never obtained a COA).

this court denied the petitioner a COA and held the evidentiary ruling could be reviewed only "as a corollary to a constitutional violation." *Id.*

We later explained in *Davis* our rationale for this rule. *United States v. Davis*, 971 F.3d 524 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021). When a habeas petitioner "identifie[s] a substantial and reasonably debatable constitutional claim," we can issue a COA on that issue. *Id.* at 534. That requirement is jurisdictional; it "gives us the correlative power to consider" ancillary non-constitutional issues. *Id.* On the other hand, where there is no substantial and reasonably debatable constitutional question and thus no basis for a COA, "we have no judicial power to do anything without it." *Id.* at 535 (citation omitted). In other words, a statutory claim "stands or falls with the applicant's COA showing." *Id.* at 534; *see Norman*, 817 F.3d at 234 ("Because we have determined that [petitioner's] constitutional claims fail, we do not address the merits of his [] request.").

We hold the same logic also applies here. As in *Alix* and *Davis*, Diaz cannot make a "substantial showing" that the right he asserts—to represent himself in a habeas proceeding—is constitutional. *Davis*, 971 F.3d at 534. Rather, this right is statutory. *See Scott v. Wainwright*, 617 F.2d 99, 102 n.3 (5th Cir. 1980) (a habeas petitioner has a statutory right to self-representation under 28 U.S.C. § 1654). Although Diaz garbs this right in the cloth of the Sixth Amendment, the Supreme Court has refused to extend the right to self-representation beyond a defendant's criminal trial. *See Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 161 (2000). Indeed, in *Martinez*, the Supreme Court went as far as to say that a defendant has no such constitutional right on *direct appeal*. *Id.* at 163. We strain to see how Diaz can make a substantial showing of the denial of a constitutional right in his *habeas proceeding*, which is even more removed from his criminal trial than a direct appeal.

No. 20-11095

We may thus only review Diaz's challenge "as a corollary to a constitutional violation" for which a COA is granted. *Davis*, 971 F.3d at 534-35 (citation and internal quotation marks omitted). Lacking that here, Diaz cannot invoke our appellate jurisdiction.

One other factor guides our analysis: the relief that Diaz seeks, which is to undo the district court's final judgment. In effect, Diaz asks us to reverse the district court's denial of his petition on the merits. But without a COA, we must decline this invitation. *See Buck v. Davis*, 580 U.S. 100, 115 (2017); *cf. Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2007) (per curiam) (COA is required for a Rule 60(b) motion alleging a procedural defect because it seeks to "alter the . . . judgment in his [] habeas proceeding"), *cert. denied*, 128 S. Ct. 1697 (2008).

* * *

Diaz's collateral appeal was untimely. And even if we reviewed his claims on direct appeal of the final judgment, we lack jurisdiction because Diaz does not have a COA. We therefore DISMISS his appeal for lack of jurisdiction.