*Clark v. Santander Bank, N.A.*

# United States Court of Appeals
# For the Second Circuit

August Term 2023

Argued:   March 20, 2024
Decided:   November 22, 2024

No. 22-2965

GORDON CLARK, individually and as executor of the estate of Lillian J. Clark,

*Plaintiff-Appellant*,

*v.*

SANTANDER BANK, N.A., TIMOTHY WENNES, PIERRE HABIS, KENNETH O'NEILL,
WELLS FARGO & COMPANY, SCOTT POWELL, as former CEO of Santander and as
COO of Wells Fargo, BENDETT & MCHUGH, PC, ADAM L. BENDETT, JEFFREY M.
KNICKERBOCKER, MARK A. PIECH, JOSEPH ABRAHAM, DOMINICK D. NEVEUX, JOHN
DOE, JANE DOE,

*Defendants-Appellees*.[*]

Appeal from the United States District Court
for the District of Connecticut
No. 22-cv-39, Sarala V. Nagala, *Judge*.

Before:   JACOBS, LEVAL, and SULLIVAN, *Circuit Judges*.

Gordon Clark brings this interlocutory appeal, on his own behalf and as the
executor of his late wife's estate, challenging the orders of the United States District

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

Court for the District of Connecticut (Nagala, *J.*) directing him to obtain outside counsel to represent the estate in this action against Wells Fargo, Santander Bank, and others. As a threshold matter, we hold that we have jurisdiction under the collateral order doctrine to review a district court's rulings denying an estate representative's motion to proceed *pro se*. We further hold that the standard of review for such decisions is *de novo* since they involve the application of law to the facts of a given dispute. Applying *de novo* review here, we conclude that the district court did not err in denying Clark's motion to proceed *pro se*. Accordingly, we **AFFIRM** the orders of the district court.

AFFIRMED.

> GORDON CLARK, *pro se*, Enfield, CT, *for Plaintiff-Appellant*.
>
> DAVID E. FIALKOW (Sean R. Higgins, *on the brief*), K&L Gates LLP, Boston, MA, *for Defendants-Appellees* Wells Fargo & Company and Scott Powell.
>
> Patrick S. Tracey, Saul Ewing LLP, Boston, MA, *for Defendants-Appellees* Santander Bank, N.A., Timothy Wennes, Pierre Habis, Kenneth O'Neill, and John and Jane Doe.
>
> Jeffrey M. Knickerbocker, Bendett & McHugh, P.C., Farmington, CT, *for Defendants-Appellees* Bendett & McHugh, P.C., Adam L. Bendett, Jeffrey M. Knickerbocker, Mark A. Piech, Joseph Abraham, and Dominick D. Neveux.

RICHARD J. SULLIVAN, *Circuit Judge*:

Gordon Clark brings this interlocutory appeal, on his own behalf and as the executor of his late wife's estate, challenging the orders of the United States District

Court for the District of Connecticut (Nagala, *J.*) directing him to obtain outside counsel to represent the estate in this action against Wells Fargo, Santander Bank, and others. As a threshold matter, we hold that we have jurisdiction under the collateral order doctrine to review a district court's rulings denying an estate representative's motion to proceed *pro se*. We further hold that the standard of review for such decisions is *de novo* since they involve the application of law to the facts of a given dispute. Applying *de novo* review here, we conclude that the district court did not err in denying Clark's motion to proceed *pro se*. Accordingly, we AFFIRM the orders of the district court.

## I. PROCEDURAL HISTORY

Gordon Clark, proceeding *pro se*, filed a complaint on behalf of himself and the estate of his late wife, alleging various tort claims and violations of federal law related to Santander Bank's foreclosure of his wife's home after her death. After obtaining and reviewing the probate records for the estate, the district court ordered the parties to submit briefing on whether Clark, a *pro se* litigant, could represent the estate. Because the estate had other beneficiaries and possible creditors besides Clark, including Santander Bank, the district court concluded that Clark could not proceed *pro se* in representing the estate and directed him to

3

retain counsel for the estate by a certain date, after which his claims on behalf of the estate otherwise would be dismissed.  *See* Dist. Ct. Doc. No. 133 (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997) (holding that the executor of an estate "may not proceed *pro se* when the estate has beneficiaries or creditors other than the litigant")).  The district court granted Clark's timely motion for reconsideration but adhered to its decision that Clark, as a *pro se* litigant, could not represent the estate.  Clark then filed a second reconsideration motion, which the district court denied, at which point Clark brought this appeal.

## II. APPELLATE JURISDICTION

As a threshold matter, we must decide whether we have jurisdiction to hear this appeal.  *See Uniformed Fire Officers Ass'n v. de Blasio*, 973 F.3d 41, 46 (2d Cir. 2020).  While we generally have jurisdiction over only final decisions or judgments, a "narrow and selective" class of interlocutory orders is appealable if the requirements of the collateral order doctrine are met.  *Belya v. Kapral*, 45 F.4th 621, 628 (2d Cir. 2022) (internal quotation marks omitted).  To fall within the doctrine, an order must "(1) conclusively resolve a disputed question that (2) is an important issue completely separate from the merits of the action, and that (3) would be effectively unreviewable on appeal from a final judgment."  *United*

4

*States v. Magassouba*, 544 F.3d 387, 400 (2d Cir. 2008). In assessing whether an order is subject to the collateral order doctrine, "we do not engage in an individualized jurisdictional inquiry," but rather focus "on the entire category to which a claim belongs." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107 (2009) (internal quotation marks omitted); *see S.E.C. v. Rajaratnam*, 622 F.3d 159, 167 (2d Cir. 2010).

We conclude that we have jurisdiction under the collateral order doctrine to hear Clark's appeal from the orders denying his motion to proceed *pro se*. *First*, the district court's orders conclusively resolved the disputed question of whether Clark may proceed *pro se* with respect to his claims on behalf of his wife's estate. *See O'Reilly v. N.Y. Times Co.*, 692 F.2d 863, 866 n.4 (2d Cir. 1982) (noting that an order denying a motion to proceed *pro se* was conclusive because "[t]here [was] nothing to indicate that [the court]'s denial of [plaintiff]'s application [was] in any way tentative, informal, or incomplete" (internal quotation marks omitted)); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 n.2 (2d Cir. 1983) (concluding that an order denying a party's motion to represent a corporation *pro se* was immediately appealable). Here, the district court twice concluded that Clark had not met the requirements to appear *pro se* for the estate.

5

*Second*, the issue of whether Clark may proceed *pro se* with respect to his claims on behalf of his wife's estate is important and completely separate from the merits. Though not grounded in the Constitution, "the right to self-representation in civil cases . . . is a right of high standing, not simply a practice to be honored or dishonored by a court depending on its assessment of the desiderata of a particular case." *O'Reilly*, 692 F.2d at 867. The fact that Clark seeks to proceed *pro se* on behalf of his wife's estate, rather than only on behalf of himself, does not reduce his interest in self-representation, if indeed he is the sole beneficiary of the estate. For "[i]t is only a legal fiction that assigns the sole beneficiary's claims to a paper entity – the estate – rather than the beneficiary himself." *Guest v. Hansen*, 603 F.3d 15, 21 (2d Cir. 2010).

As for separateness from the merits, our review of the district court's orders requires us only to assess whether Clark has met the requirements set forth in *Guest v. Hansen*: he must be the only beneficiary of the estate, and the estate can have no other creditors. *Id.* at 17. In assessing those requirements, we need not adjudicate the competing claims to the estate, since the existence of competing claims is itself enough to prevent Clark from representing the estate as a *pro se*

6

litigant. *See id.* at 21 (concluding that a *pro se* plaintiff could represent an estate because the only other beneficiary "disclaimed any legal interest in [the] estate").

*Third*, the district court's orders will be effectively unreviewable on appeal from a final judgment, since, by the time of appeal, Clark will have already lost the opportunity to proceed *pro se* in the trial court. That loss is both abstract, *see McKaskle v. Wiggins*, 465 U.S. 168, 182 (1984) (noting "dignitary values" promoted by the right to self-representation), and concrete: if denied the right to proceed *pro se*, either Clark or the estate will have had to bear the expense of an attorney's services. Such consequences are not unique to Clark – any *pro se* litigant whose request to represent an estate is denied will lose that right if appeal is only available after final judgment.

For many of these same reasons, a number of our sister circuits have concluded that an order denying a civil litigant's right to proceed *pro se* is immediately appealable on an interlocutory basis, including instances where the *pro se* party is appearing in a representative capacity. *See Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 229–30 (3d Cir. 1998), *abrogated in part on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Lavine v. Bank of Am.*, 672 F. App'x 453, 454 (5th Cir. 2017) (citing *Prewitt v. City of Greenville*,

161 F.3d 296, 298 (5th Cir. 1998)); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 579–81 (11th Cir. 1997), *abrogated in part on other grounds by Winkelman*, 550 U.S. 516; *cf. United States v. Williams*, 711 F. App'x 145, 146 (4th Cir. 2018) ("[W]e proceed under the assumption that an order denying a civil litigant's right to self-representation is immediately appealable under the collateral order doctrine."). We therefore conclude that the collateral order doctrine gives us jurisdiction to hear Clark's appeal.

### III. CLARK'S MOTION TO PROCEED *PRO SE*

Turning to the merits of the appeal, the standard of review over a district court's decision on an estate representative's request to proceed *pro se* is a matter of first impression in this Circuit. Ultimately, in deciding such a request, the district court must apply the test we set forth in *Hansen* to the facts of the given dispute. In other contexts, we regularly "review the district court's conclusions of law, and its application of the law to the facts, *de novo.*" *Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 95 (2d Cir. 2012). We therefore hold that a district court's decision on an estate representative's request to proceed *pro se* is reviewed *de novo*.

8

Applying that standard here, we conclude that the district court did not err in denying Clark's motions to proceed *pro se*, since Clark failed to satisfy the *Hansen* requirements that he be the sole beneficiary and that there be no other creditors.   The rationale for our decision in *Hansen* was that "[t]he law contains so many esoteric pitfalls for an untrained advocate . . . that the risk of inadvertent waiver or abandonment of an issue is too high for us to allow a *pro se* litigant to represent another person."   603 F.3d at 20.   This is particularly true where there are other beneficiaries and potential creditors who "will be affected by the outcome of the proceedings."   *Id.* (internal quotation marks omitted).   In contrast, when the administrator is the sole beneficiary and there are no other creditors, the administrator is "in fact, appearing solely on his own behalf."   *Id.* at 21.

At the time of the district court's orders, one of the defendants in this case, Santander Bank, purported to have a valid mortgage in real property owned by the estate.   Santander was therefore a creditor of the estate for purposes of *Hansen*.[1]   Furthermore, at the time of the district court's orders, the estate had beneficiaries other than Clark, and nothing in the record indicates that their

---

[1] Of course, if the mortgage has since been satisfied through a foreclosure sale, then Santander may no longer be a creditor of the estate, eliminating one bar to Clark's request.

interests in the estate had been satisfied or disclaimed. Given that the estate had beneficiaries and creditors other than Clark, the district court did not err in denying Clark's motion to proceed *pro se*. Nor did the district court abuse its discretion in denying Clark's second motion for reconsideration, as Clark did not point to any "controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## IV. CONCLUSION

In sum, we hold that:

(1) we have jurisdiction under the collateral order doctrine to review a district court's ruling denying an estate representative's ability to proceed *pro se*;

(2) the standard of review for such decisions is *de novo*; and

(3) the district court did not err in denying Clark's motions to represent the estate as a *pro se* litigant because the estate had beneficiaries and creditors other than Clark.

Accordingly, we **AFFIRM** the orders of the district court.